**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
1205 NW 25th Avenue
Portland, Oregon 97210
t: 503.922.2243
f: 503.226.3131

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **NICOLE GILILLAND**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT** by and through its **BOARD OF EDUCATION**, an Oregon community college district and board; **SOUTHWESTERN OREGON COMMUNITY COLLEGE**, an Oregon community college; **PATTY SCOTT**, an individual; **TIM DAILY**, an individual; **FRANCISCO SALDIVAR**, an individual; **SUSAN WALKER**, an individual; **MELISSA SPERRY**, an individual; **PAMELA WICK**, an individual;<br><br>Defendants. | Case No. 6:19-cv-00283<br><br>**COMPLAINT**<br>(Title IX, Breach of Contract, Negligent Supervision, Intentional Interference Economic Relations, and IIED)<br><br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.

Federal Court jurisdiction exists under 28 USC § 1331 and 28 USC § 1343(a)(3) based

on Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq.

Page 1 – **COMPLAINT**

Supplemental jurisdiction arises under 28 USC § 1367 for all common law and state of Oregon claims.

2.

Venue is proper in the U.S. District Court of Oregon, Eugene Division because all acts alleged herein occurred in Coos County, state of Oregon.

**PARTIES**

3.

At all material times, Plaintiff Nicole Gililland was a resident and domiciliary of Coos County, state of Oregon and was a student at Southwestern Oregon Community College enrolled in its nursing program.

4.

At all material times, Defendant Southwestern Oregon Community College District by and through its Board of Education ("SWOCC") is and was an Oregon public corporate entity doing business in Coos, Curry, and Douglas Counties and operating and governing Southwestern Oregon Community College.

5.

At all material times, Defendant Southwestern Oregon Community College ("SWOCC") is and was an Oregon public corporate entity doing business in Coos County.

6.

At all material times, Defendant Dr. Patty Scott is and was the President of SWOCC, acting in her official and individual capacities working within Coos County, state of Oregon. During all material times, Dr. Scott was an agent and/or employee of Defendant SWOCC, acting or failing to act within the scope, course, and authority of her employment and her employer.

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon 97210
503.922.2243

7.

At all material times, Defendant Tim Daily is and was the Vice President of Enrollment & Student Services of SWOCC, acting in his official and individual capacities working within Coos County, state of Oregon.  During all material times, Mr. Daily was an agent and/or employee of Defendant SWOCC, acting or failing to act within the scope, course, and authority of his employment and his employer.

8.

At all material times, Francisco Saldivar, in his official and individual capacities, was the Dean of Career-Technical and Workforce Development of SWOCC.  During all material times, the Principal was an agent and/or employee of Defendant SWOCC, acting or failing to act within the scope, course, and authority of his employment and his employer.

9.

At all material times, Defendant Susan Walker in her official and individual capacities, was the Director of Nursing & Allied Health of SWOCC.  During all material times, she was an agent and/or employee of Defendant SWOCC, acting or failing to act within the scope, course, and authority of her employment and her employer.

10.

At all material times, Defendant Melissa Sperry in her official and individual capacities, was a Nursing Instructor and Academic Advisor of SWOCC.  During all material times, Ms. Sperry was an agent and/or employee of Defendant SWOCC, acting or failing to act within the scope, course, and authority of her employment and her employer.

/ / / /

/ / / /

Page 3 – **COMPLAINT**

11.

At all material times, Defendant Pamela Wick in her official and individual capacities, was a Nursing Instructor of SWOCC.  During all material times, Ms. Wick was an agent and/or employee of Defendant SWOCC, acting or failing to act within the scope, course, and authority of her employment and her employer.

## STATEMENT OF THE CASE

12.

Plaintiff enrolled in SWOCC's nursing program following a career as a paramedic.  At the time of her enrollment she was 6 months pregnant, as well as the mother of her 2-year-old daughter.

13.

Admission to the SWOCC Nursing Program is incredibly competitive, every year there are 100-150 applicants for 25 spots.  Plaintiff was accepted into the nursing program Fall, 2017.

14.

In the Spring 2018 an individual informed SWOCC that Plaintiff was a former adult model and actress.  Defendant Melissa Sperry became aware of Plaintiff's former career.

15.

During the Spring 2018 term Plaintiff was absent from school for some days due to a kidney infection and sepsis.  Upon return from her absences, Defendant Melissa Sperry began making comments about the quality of a woman a nurse should be.  Ms. Sperry then added extra assignments to Plaintiff's workload that were not within the syllabus or provided to any other student.  Plaintiff was informed about the extra assignment on Friday night, but was not actually provided the assignment until Saturday morning.  On the following Monday, Ms. Sperry

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

informed Plaintiff that the extra-assignment was due on Friday by 15:00 – hours before it was

provided.  Nevertheless, Plaintiff turned the assignment in that Monday.

16.

Due to her ongoing medical treatment, Plaintiff sought to take her exams early from

Ms. Sperry which benefit was granted to other students.  Ms. Sperry excused Plaintiff from

taking early exams, as well as the exam date, but then docked Plaintiff 10% of her grade for

taking her exams late.  Ms. Sperry also informed Plaintiff that she was receiving zero credit for

the case study assignment.

17.

The next week Ms. Sperry abruptly allowed Plaintiff to complete the case study

assignment despite Plaintiff completing the extra assignment, but at a 10% penalty.  Based on

information and belief, this was at the direction of Susan Walker.

18.

During that week while checking her grades, Plaintiff discovered that all her grades were

changed to failing grades.

19.

Plaintiff asked Ms. Sperry as to why all her grades were now failing grades and

Ms. Sperry said that she discovered plagiarism.  Plaintiff approached Susan Walker about this

allegation and was told a hearing would be conducted.  Plaintiff then approached and discussed

the circumstances with Tim Dailey.  Plaintiff explained all that had occurred and requested that it

be treated as a formal complaint.  Tim Dailey told Plaintiff he would inform Dean Francisco

Saldivar.

/ / / /

Page 5 – **COMPLAINT**

20.

A hearing was scheduled for April 30th.  The week prior to the hearing Plaintiff provided conclusive evidence that she did not properly use APA citation in her paper.  At the hearing, Plaintiff entered the room with Tim Daily, Francisco Saldivar, Melissa Sperry, Susan Walker, and Robin Finney meeting and discussing Plaintiff.  Dean Saldivar informed Plaintiff that she improperly cited a resource and was being placed on academic probation and would receive a zero on her assignment in lieu of expulsion.

21.

At that end of the hearing, Susan Walker threatened Plaintiff stating she was calling the Nursing Board stating that Plaintiff was unsafe with patients.

22.

Tim Daily and Francisco Saldivar did not consider and intentionally ignored Plaintiff's concrete evidence of SWOCC Nursing program's accepted practice and policy of allowing plagiarism and improper citations.

23.

Subsequent to the hearing, Susan Walker went to Coquille Valley Hospital, Plaintiff's clinical placement, to interrogate Plaintiff's clinical instructor to support Ms. Walker's unsubstantiated claim that Plaintiff was unsafe with patients.  The clinical instructor supported Plaintiff and informed Dean Saldivar that Plaintiff was safe with her patients.

24.

In June 2018 SWOCC failed to grant credit to Plaintiff for her passing grades and dismissed her from the Nursing program.

/ / / /

Page 6 – **COMPLAINT**

25.

Plaintiff confronted Pamela Wick about not awarded points for correct answers on her exams and Ms. Wick responded that "the Nursing instructors had academic freedom to lower grades and that nobody would be able to help Plaintiff."

26.

As a result of Defendants' conduct, and each of them, Plaintiff became depressed, despondent, and attempted suicide.

27.

Plaintiff timely submitted a tort claim notice to SWOCC.

**FIRST CLAIM FOR RELIEF**

(Title IX)

28.

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29.

SWOCC receives Federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, et seq.

30.

Defendants subjected Plaintiff to illegal hostile education environment because of Plaintiff former career as an adult film model and actress and her subsequent complaints to SWOCC about the disparate treatment by Defendants.

31.

SWOCC created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

Page 7 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

a.    Plaintiff was subjected to sexual harassment by the individual defendants based on her former career as an adult film model and actress;

b.    Plaintiff was subjected to harassment based on her sex; and

c.    Plaintiff was subjected to a hostile educational environment created by SWOCC's lack of policies and procedures, lack of training, and failure to investigate.

32.

SWOCC had actual knowledge of Plaintiff's harassment by the individual defendants and willfully failed to investigate in a timely manner which is inconsistent with its own policies and federal and state law.

33.

SWOCC's failure to promptly and appropriately respond to the harassment and assault, resulted in Plaintiff being excluded from participation in, being denied the benefits of, and being subjected to discrimination in SWOCC's education program in violation of Title IX.

34.

SWOCC failed to take immediate, effective remedial steps to resolve the complaints of harassment and instead acted with deliberate indifference.

35.

SWOCC persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

36.

SWOCC engaged in a pattern and practice of behavior designed to discourage and dissuade and expel female students from attaining an education.

/ / / /

Page 8 – **COMPLAINT**

37.

This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students including Plaintiff.

38.

Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered as a direct and proximate result of SWOCC's actions and deliberate indifference to her rights under Title IX all to Plaintiff's noneconomic damage in an amount to be determined by the jury to be fair and reasonable.

39.

Pursuant to 42 USC § 1988, Plaintiff is entitled to an award of her attorney fees and costs incurred in this action.

**SECOND CLAIM FOR RELIEF**

(Breach of Contract)

40.

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

41.

Plaintiff applied to, and after admission was offered, enrolled at SWOCC, paid tuition and other fees and expenses. Plaintiff did so in reliance on the understanding and expectation that SWOCC would implement and enforce the promises, policies and procedures defined in its official publications, including but not limited to the Catalog, its website, and other relevant documents.

42.

An express contract, or alternatively, a contract implied in law or in fact, was formed by Plaintiff and Defendants.

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

43.

The contract between Plaintiff and SWOCC contained an implied covenant of good faith and fair dealing.

44.

It also contained SWOCC's affirmative promises that its faculty and staff would conform their own conduct to professional standards, including but not limited to: "Establish, communicate, and maintain professional boundaries." See OAR 851-045-0040.

45.

SWOCC materially breached its promises as contained in its policies and rules, catalog, federal law such as Title IX, as well as the implied covenant of good faith and fair dealing, and other contractual provisions. These breaches include, but are not limited to, the following:

a.    Breach of SWOCC non-discrimination policy;

b.    Breach of SWOCC's education records policy; and

c.    Breach of SWOCC's policy on unlawful harassment.

46.

Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages due to Defendants' breaches of contract.

**THIRD CLAIM FOR RELIEF**

(Negligent Supervision)

47.

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

/ / / /

/ / / /

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

48.

Defendant Dr. Scott, Tim Daily, and Francisco Saldivar are and were employees and agents of SWOCC at all material times.

49.

Defendants Scott, Daily and Saldivar failed to carry out their duties and responsibilities to Plaintiff pursuant to Title IX, SWOCC's policies and procedures because of SWOCC's deficient training and supervision of them.

50.

The negligence and carelessness of SWOCC in providing appropriate training to and supervision of Daily and Saldivar, whose failure to act on Plaintiff's complaint against Walker and Sperry has caused Plaintiff economic and emotional damages because, to date, Plaintiff has been denied her nursing education, has not been awarded her degree, she has been deprived of job opportunities, and has experienced lost income, professional and career opportunities and other consequential damages.

**FOURTH CLAIM FOR RELIEF**

(Intentional Interference with Economic Relations)

51.

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52.

Plaintiff and SWOCC were in a contract with one another for the provision of a nursing education in exchange for tuition.

/ / / /

/ / / /

Page 11 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

53.

Defendants Scott, Daily, Saldivar, Walker, Sperry, and Wick were not parties to the contract between Plaintiff and SWOCC.

54.

Defendants Scott, Daily, Saldivar, Walker, Sperry, and Wick intended and did interfere with Plaintiff/SWOCC's contract by:

    a.    Changing grades,

    b.    Requiring extra assignments,

    c.    Imposing unduly harsh discipline inconsistent with SWOCC policy, and

    d.    Harassing Plaintiff.

55.

Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered as a direct and proximate result of SWOCC's actions all to Plaintiff's noneconomic damage in an amount to be determined by the jury.

56.

Plaintiff has suffered economic damages as a direct and proximate result of SWOCC's actions in an amount to be determined by the jury.

57.

Plaintiff seeks punitive damages for Defendants' conduct.

**FIFTH CLAIM FOR RELIEF**

(Intentional Infliction of Emotional Distress)

58.

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

Page 12 – **COMPLAINT**

59.

Defendants Scott, Daily, Saldivar, Walker, Sperry, and Wick intended, conspired, and did have Plaintiff removed from SWOCC by requiring more of Plaintiff than other students with shorter deadlines and the constant threat of expulsion.

60.

Defendants Scott, Daily, Saldivar, Walker, Sperry, and Wick caused Plaintiff severe emotional distress culminating in her attempted suicide.

61.

Defendants Scott, Daily, Saldivar, Walker, Sperry, and Wick's comments, actions, grade changes, interrogations, and inaction, some of which are against SWOCC policies, practices, and procedures caused Plaintiff severe emotional distress culminating in her attempted suicide.

62.

Defendants Scott, Daily, Saldivar, Walker, Sperry, and Wick's conduct, collectively and individually was an extraordinary transgression of the bounds of socially tolerable behavior and against SWOCC policies, practices, and procedures, as well as the Oregon State Board of Nursing regulations for the professional conduct.

63.

Plaintiff seeks punitive damages for Defendants' conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For economic damages in an amount to be determined at trial;

2.    For compensatory damages in an amount to be determined at trial;

3.    For punitive damages in an amount to be determined at trial;

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

4.      For injunctive relief:

      a.      requiring SWOCC to reinstate Plaintiff into its Nursing Program so that she may complete her degree;

      b.      requiring SWOCC to take effective steps to prevent harassment of students based on prior careers;

      c.      requiring SWOCC to mandate training of its employees, faculty, staff and agents for following SWOCC policies and Title IX requirements;

      d.      requiring SWOCC to appropriately respond to all conduct that may constitute sex based harassment; and

      e.      entering an order prohibiting Defendants from further discriminating or retaliating against Plaintiff due to this lawsuit.

5.      For Plaintiff's attorney fees and costs; and

6.      For all such other relief as the court shall deem equitable and just.


DATED this 26th day of February, 2019.

THE BRAGUE LAW FIRM


By */s/  Kevin C. Brague*_____
        Kevin C. Brague, OSB No. 050428
        kevin@braguelawfirm.com
        1205 NW 25th Avenue
        Portland, Oregon 97210
        t: 503.922.2243
        f: 503.226.3131
        Attorney for Plaintiff

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NAME OF PLEADING** on the party listed below by the following indicated method or methods:

Steven A. Kraemer, OSB No. 882476
*sak@hartwagner.com*
Mark C. Sherman, OSB No. 095055
*mcs@hartwagner.com*
HART WAGNER LLP
1000 SW Broadway, Twentieth Floor
Portland, Oregon  97205
503.222.4499
503.222.2301 – fax
Attorney for Defendants

[X]     by electronic means through the U.S. District Court, District of Oregon's CM/ECF document filing system.

[ ]     by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the address as shown above, with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

[]     by causing a full, true, and correct copy thereof  to be hand-delivered to the attorney at the attorney's last known office address listed above on the date set forth below.

[ ]     by faxing a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.

DATED this 18th day of _____, 2016.

/s/ Kevin Brague_____
Kevin C. Brague, OSB No. 050428

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon  97210
503.922.2243