Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301-1049
Tel: (503) 581-1501
Fax: (503) 581-5891
      Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICOLE GILILLAND, an individual<br><br>                Plaintiff,<br><br>vs.<br><br>SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT by and through its BOARD OF EDUCATION, an Oregon community college district and board; SOUTHWESTERN OREGON COMMUNITY COLLEGE, an Oregon community college; PATTY SCOTT, an individual; TIM DAILY, an individual; FRANCISCO SALDIVAR; an individual; SUSAN WALKER, an individual; MELISSA SPERRY, an individual; PAMELA WICK, an individual,<br><br>                Defendants. | No.   6:19-cv-00283-AA<br><br>**DEFENDANTS' ANSWER &<br>AFFIRMATIVE DEFENSES** |

Defendants, Southwestern Oregon Community College, Patty Scott, Tim Daily, Francisco Saldivar, Susan Walker, Melissa Sperry, and Pamela Wick ("defendants") answer plaintiff's Complaint as follows:

/ / / /

/ / / /

/ / / /

## JURISDICTION AND VENUE

1.

Paragraph 1 states a legal conclusion to which no responsive pleading is required. Defendants agree that this court has subject matter jurisdiction over plaintiff's Title IX claims. Defendants further agree that this court has supplemental jurisdiction over plaintiff's common-law claims; however, defendants will request that this court decline to exercise supplemental jurisdiction if and when plaintiff's Title IX claim is dismissed.

2.

Defendants agree that venue is appropriate in this court.

## PARTIES

3.

Defendants admit paragraph 3.

4.

Defendants admit paragraph 4.

5.

Defendants admit paragraph 5.

6.

Defendants admit that Dr. Patty Scott was at all times acting within the course and scope of her employment at President of SWOCC. Defendants deny the remaining allegations in paragraph 6.

7.

Defendants admit that at all times Tim Daily was acting within the course and scope of his employment as the Vice-President of Enrollment and Student Services of SWOCC. Defendants deny the remaining allegations in paragraph 7.

/ / / /

8.

Defendants admit that at all times Francisco Saldivar was acting within the course and scope of his employment as Dean of Career – Technical and Work Force Development of SWOCC. Defendants deny any remaining factual allegations in paragraph 8.

9.

Defendants admit that at all times Susan Walker was acting within the course and scope of her employment as Director of Nursing and Allied Health of SWOCC. Defendants deny any remaining factual allegations in paragraph 9.

10.

Defendants admit that at all times Melissa Sperry was acting within the course and scope of her employment as a nursing instructor and academic advisor of SWOCC. Defendants deny any remaining factual allegations in paragraph 10.

11.

Defendants admit that at all times Pamela Wick was acting within the course and scope of her employment as a nursing instructor with SWOCC. Defendants deny any remaining factual allegations in paragraph 11.

## STATEMENT OF THE CASE

12.

Defendants admit that plaintiff enrolled in SWOCC's nursing program. Defendants lack sufficient information to admit or deny the remaining factual allegations in paragraph 12.

13.

Defendants admit that plaintiff was accepted into SWOCC's competitive nursing program in the fall of 2017.

/ / / /

/ / / /

DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES:  
Gililland v. Southwestern Oregon Community College, et al.

Page - 3

14.

Defendants deny that they had knowledge of plaintiff's former work in the adult industry prior to plaintiff disclosing the same.

15.

Defendants deny paragraph 15.

16.

Defendants deny paragraph 16.

17.

Defendants deny paragraph 17.

18.

Defendants lack sufficient information to admit or deny paragraph 18 and, therefore, deny the same.

19.

Defendants admit that there were consequences once SWOCC employees discovered concerns that plaintiff had engaged in plagiarism in violation of its policies and code of conduct. Defendants further admit that SWOCC employees worked with plaintiff to address her concerns about the plagiarism allegation. Defendants deny the remainder of paragraph 19.

20.

Defendants deny paragraph 20.

21.

Defendants deny paragraph 21.

22.

Defendants deny paragraph 22.

23.

Defendants deny paragraph 23.

24.

Defendants deny that plaintiff was dismissed from the nursing program.

25.

Defendants deny paragraph 25.

26.

Defendants lack sufficient information to admit or deny the factual allegations presented in paragraph 26.

27.

Defendants acknowledge that plaintiff sent notice that she intended to file a claim. The sufficiency of that notice presents a legal conclusion to which no responsive pleading is required.

**FIRST CLAIM FOR RELIEF**

(Title IX)

28.

Defendants restate their answers to paragraphs 1-27 above.

29.

Defendants admit paragraph 29.

30.

Defendants deny paragraph 30.

31.

Defendants deny paragraph 31.

32.

Defendants deny paragraph 32.

33.

Defendants deny paragraph 33.

/ / / /

34.

Defendants deny paragraph 34.

35.

Defendants deny paragraph 35.

36.

Defendants deny paragraph 36.

37.

Defendants deny paragraph 37.

38.

Defendants deny paragraph 38.

39.

Defendants deny paragraph 39.

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

40.

Defendants restate their answers to paragraphs 1-39 above.

41.

Defendants admit that plaintiff paid tuition to attend SWOCC.

42.

Paragraph 42 states a legal conclusion to which no responsive pleading is required. To the extent paragraph 42 makes factual allegations, they are denied.

43.

Defendants deny paragraph 43.

44.

Defendants admit that their staff is expected to adhere to professional standards.

45.

Defendants deny paragraph 45.

46.

Defendants deny paragraph 46.

### THIRD CLAIM FOR RELIEF

(Negligent Supervision)

47.

Defendants restate their answers to paragraphs 1-46 above.

48.

Defendants admit that Dr. Scott, Tim Daily, and Francisco Saldivar were always acting within the course and scope of their employment with SWOCC.

49.

Defendants deny paragraph 49.

50.

Defendants deny paragraph 50.

### FOURTH CLAIM FOR RELIEF

(Intentional Interference with Economic Relations)

51.

Defendants restate their answers to paragraphs 1-50 above.

52.

Defendants admit that plaintiff was a student enrolled in SWOCC's nursing program.

53.

Defendants deny paragraph 53.

54.

Defendants deny paragraph 54.

55.

Defendants deny paragraph 55.

56.

Defendants deny paragraph 56.

57.

Defendants deny paragraph 57.

## FIFTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

58.

Defendants restate their answers to paragraphs 1-57 above.

59.

Defendants deny paragraph 59.

60.

Defendants deny paragraph 60.

61.

Defendants deny paragraph 61.

62.

Defendants deny paragraph 62.

63.

Defendants deny paragraph 63.

64.

Except as expressly admitted above, defendants deny all factual allegations presented in plaintiff's Complaint.

/ / / /

/ / / /

DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES:  
Gililland v. Southwestern Oregon Community College, et al.

Page - 8

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

65.

Plaintiff's Complaint fails to state a claim for which relief may be granted against any defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

66.

The individually named defendants are qualifiedly immune from some or all of plaintiff's claims for relief.

## THIRD AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act)

67.

Plaintiff's claims against defendants are claims against agents of a special government body and, as such, any actions available to plaintiff are subject to the conditions, limitations, and immunities set forth in the Oregon Tort Claims Act, ORS 30.260, *et seq*.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

68.

At no time prior to her leaving the nursing program did plaintiff raise any complaint or concerns that defendants had violated her rights under Title IX. Therefore, defendants did not have an opportunity to address those concerns through SWOCC's administrative process.

/ / / /

/ / / /

/ / / /

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

69.

Plaintiff has failed to mitigate some or all of her purported damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (ORS 30.265(2))

70.

Pursuant to ORS 30.265(2), defendants Patty Scott, Tim Daily, Francisco Saldivar, Susan Walker, Melissa Sperry, and Pamela Wick are not proper defendants to plaintiff's state law claims.

### RESERVATION TO ADD ADDITIONAL AFFIRMATIVE DEFENSES

71.

Defendants reserve their right to add additional affirmative defenses as discovery proceeds in this case.

WHEREFORE, defendants pray that:

1. All of plaintiff's claims be dismissed, with prejudice;

2. Defendants be awarded their reasonable costs and attorney fees; and

3. The court grant such other relief it deems proper.

DATED this 6th day of May 2019.

GARRETT HEMANN ROBERTSON P.C.

*s/ Luke W. Reese*
Luke W. Reese (OSB No. 076129)
lreese@ghrlawyers.com
Phone: 503-581-1501
Fax: 503-581-589
Of Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Defendants' Answer and Affirmative Defenses** on the date indicated below,

[X]     Via First-Class Mail with postage prepaid
[X]     Via Electronic Filing
[ ]     Via Facsimile Transmission
[ ]     Via Hand Delivery
[ ]     Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

KEVIN C. BRAGUE
The Brague Law Firm
1205 NW 25th Avenue
Portland OR  97210
*OSB No. 050428*
*Phone:  503-922-2243*
*Fax:  503-226-3131*
*Email:  kevin@braguelawfirm.com*
Attorney for Plaintiff

DATED May 6, 2019.

GARRETT HEMANN ROBERTSON P.C.


*s/ Luke W. Reese*
Luke W. Reese (OSB No. 076129)
lreese@ghrlawyers.com
Phone:  503-581-1501
Fax:  503-581-589
Of Attorneys for Defendants

4826-2686-7082, v. 1