Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301-1049
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICOLE GILILLAND, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT by and through its BOARD OF EDUCATION, an Oregon community college district and board; SOUTHWESTERN OREGON COMMUNITY COLLEGE, an Oregon community college; PATTY SCOTT, an individual; TIM DAILY, an individual; FRANCISCO SALDIVAR; an individual; SUSAN WALKER, an individual; MELISSA SPERRY, an individual; PAMELA WICK, an individual,<br><br>Defendants. | No.   6:19-cv-00283-AA<br><br>**DEFENDANTS' MOTION TO STAY DEADLINES PENDING RULING ON PLAINTIFF'S ATTORNEY'S MOTION TO WITHDRAW** |

Defendants, Southwestern Oregon Community College, Patty Scott, Tim Daily, Francisco Saldivar, Susan Walker, Melissa Sperry, and Pamela Wick, respectfully move this Court for an Order staying the existing case management deadlines pending a ruling on plaintiff's counsel's Notice and Motion to Withdraw as Attorney of Record.  This Motion is supported by the pleadings and motions of record, the following Points and Authorities, and the attached Declaration of Luke W. Reese.

## POINTS AND AUTHORITIES

Pursuant to this Court's Order of October 25, 2019, the following case management deadlines are currently in effect:

> "Discovery is to be completed by 4/20/2020.  Joint Alternate Dispute Resolution report is due by 4/20/2020.  Dispositive Motions are due by 5/20/2020.  Pretrial order and Expert disclosures are due by 6/22/2020 or 30 days following the Court's ruling on any dispositive motions."

On January 22, 2020, however, plaintiff's counsel, Kevin Brague, filed a Notice and Motion to Withdraw as Attorney of Record.  In his supporting declaration, Mr. Brague attested that plaintiff had terminated his representation as of January 15, 2020.

On February 3, 2020, defendants responded that they did not object to the motion.  But in an effort to maintain the existing case management schedule, and in light of recent communications from plaintiff directly to defense counsel, defendants requested that the Court either require plaintiff to obtain new counsel within thirty (30) days or show cause as to why she should be allowed to proceed *pro se*.[1]  Shortly thereafter, this Court was forced to limit operations in response to the COVID-19 crisis, and has not yet ruled on Mr. Brague's motion.

Meanwhile, plaintiff continues to contact defense counsel directly, as she no longer recognizes Mr. Brague as her attorney.  **Dec. of Reese, ¶¶ 3-4.**  At the same time, plaintiff remains a represented party in the eyes of the Court.  As a result, defense counsel has been unable to have the conferrals necessary to meet the existing deadlines.  **Dec. of Reese, ¶ 5.**

---

[1] Plaintiff has sent a number of email communications direct to defense counsel, making threats and demands, despite counsel's attempts to remind her that all communications need to go through Mr. Brague until his Motion to Withdraw is ruled upon.  Several of those emails were attached as exhibits to defense counsel's declaration in support of defendants' Response to Plaintiff's Attorney's Motion to Withdraw.  **Dec. of Reese, ¶¶ 2-3.**

DEFENDANTS' MOTION TO STAY DEADLINES:  
Gililland v. Southwestern Oregon Community College, et al.

Page - 2

For those reasons, defendants respectfully request that the Court exercise its discretion[2] to stay the existing case management deadlines pending a ruling on plaintiff's counsel's Notice and Motion to Withdraw as Attorney of Record.

DATED this 8th day of April 2020.

GARRETT HEMANN ROBERTSON P.C.

*s/ Luke W. Reese*
Luke W. Reese (OSB No. 076129)
lreese@ghrlawyers.com
Shayna M. Rogers (OSB No. 134698)
srogers@ghrlawyers.com
Phone:  503-581-1501
Fax:  503-581-5891
Of Attorneys for Defendants

---

[2] Neither the Federal Rules of Civil Procedure nor Oregon's Local Rules of Civil Procedure prescribe a process or standard for a motion to stay proceedings.  However, as the U.S. Supreme Court has observed, "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F3d 1059, 1066 (9th Cir 2007) (quoting *Landis v. North American Co.*, 299 US 248, 254, 57 S Ct 163, 81 L Ed 153 (1936)).

# CERTIFICATE OF SERVICE

     I hereby certify that I caused to be served the foregoing **Defendants' Motion to Stay Deadlines Pending Ruling on Plaintiff's Attorney's Motion to Withdraw** on the date indicated below,

    [X]    Via First-Class Mail with postage prepaid
    [X]    Via Electronic Filing
    [ ]    Via Facsimile Transmission
    [ ]    Via Hand Delivery
    [ ]    Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Nicole Gililland
PO Box 158
51668 Blue River Drive, #4
Blue River OR  97413
Email:  nicolegililland15@gmail.com
    Plaintiff *pro se*

KEVIN C. BRAGUE
The Brague Law Firm
1205 NW 25th Avenue
Portland OR  97210
OSB No. 050428
Phone:  503-922-2243
Fax:  503-226-3131
Email:  kevin@braguelawfirm.com
    Attorney for Plaintiff

Nicole Gililland
608 Grant Avenue, #19
Ogden UT  84404
    Plaintiff *pro se*

DATED April 8, 2020.

                GARRETT HEMANN ROBERTSON P.C.

                *s/ Luke W. Reese*
                Luke W. Reese (OSB No. 076129)
                lreese@ghrlawyers.com
                Shayna M. Rogers (OSB No. 134698)
                srogers@ghrlawyers.com
                Phone:  503-581-1501
                Fax:  503-581-5891
                Of Attorneys for Defendants

4846-5821-7401, v. 1

CERTIFICATE OF SERVICE:
Gililland v. Southwestern Oregon Community College District, et al.

Page - 4