Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
PO Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICOLE GILILLAND, an individual<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT by and through its BOARD OF EDUCATION, an Oregon community college district and board; SOUTHWESTERN OREGON COMMUNITY COLLEGE, an Oregon community college; PATTY SCOTT, an individual; TIM DAILY, an individual; FRANCISCO SALDIVAR; an individual; SUSAN WALKER, an individual; MELISSA SPERRY, an individual; PAMELA WICK, an individual,<br><br>    Defendants. | No.   6:19-cv-00283-MK<br><br>**SUPPLEMENTAL DECLARATION OF LUKE W. REESE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Luke W. Reese, under penalty of perjury, do hereby declare and say:

    1.    I am the attorney of record for defendants and make this Declaration in support of Defendants' Motion for Summary Judgment.

    2.    Attached hereto as *Exhibit 84* and incorporated herein by reference is a true and correct copy of excerpts of plaintiff's deposition transcript.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

DATED this 15th day of July 2021.

*s/ Luke W. Reese*
Luke W. Reese, OSB No. 076129
Garrett Hemann Robertson P.C.
lreese@ghrlawyers.com
Of Attorneys for Defendants

SUPPLEMENTAL DECLARATION – MSJ – REESE:  
Gililland v. Southwestern Oregon Community College, et al.

Page - 2

# CERTIFICATE OF SERVICE

  I hereby certify that I caused to be served the foregoing **Supplemental Declaration of Luke W. Reese in Support of Defendants' Motion for Summary Judgment** on the date indicated below,

[X] Via First-Class Mail with postage prepaid
[X] Via Electronic Filing
[ ] Via Facsimile Transmission
[ ] Via Hand Delivery
[ ] Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

    Brandon J. Mark
    Parsons Behle & Latimer
    201 South Main Street, Suite 1800
    Salt Lake City UT  84111
    Phone:  801-532-1234
    Fax:  801-536-6111
    Email:  bmark@parsonsbehle.com
      ecf@parsonsbehle.com

DATED July 15, 2021

    GARRETT HEMANN ROBERTSON P.C.


    *s/ Luke W. Reese*
    Luke W. Reese (OSB No. 076129)
    lreese@ghrlawyers.com
    Phone:  503-581-1501
    Fax:  503-581-5891
    Of Attorneys for Defendants

4834-7324-2866, v. 1

```
              UNITED STATES DISTRICT COURT

                   DISTRICT OF OREGON

                     EUGENE DIVISION


NICOLE GILILLAND, an              )
individual,                       ) Remote Deposition of:
                                  )
      Plaintiff,                  ) NICOLE GILILLAND
                                  )
   vs.                            )
                                  )
SOUTHWESTERN OREGON COMMUNITY)      No. 6:19-cv-00283-MK
COLLEGE DISTRICT by and           )
through its BOARD OF              )
EDUCATION, an Oregon              )
community college district        )
and board; SOUTHWESTERN           )
OREGON COMMUNITY COLLEGE, an      )
Oregon community college;         )
PATTY SCOTT, an individual;       )
TIM DAILEY, an individual;        )
FRANCISCO SALDIVAR, an            )
individual; SUSAN WALKER, an      )
individual; MELISSA SPERRY,       )
an individual; PAMELA WICK,       )
an individual,                    )
                                  )
      Defendants.                 )


          March 12, 2021 - 10:32 a.m.

       Held through a Zoom videoconference


       Reporter:  VICKY McDANIEL, CSR, RMR
```

1 basically.  We lived trailer by trailer.  We drove --
2 we both were in Coquille, so we carpooled -- we were
3 very, very close, but there were just cracks in her
4 facade and we ended up having a big falling out.
5            And I tried to I guess prepare Melissa in
6 case Jessica decided to throw out that huge kind of
7 curve ball, so my e-mails to Melissa were me being
8 very not wanting to discuss it, but also maybe trying
9 to prepare her or the nursing program that something
10 might be coming.  It never got that far, and I never
11 ended up having a specific discussion with Melissa
12 about adult films or anything specifically.  Just
13 what you saw in those e-mails.
14      Q.   I'm going to try to clarify some things,
15 and I'm going to do this with hopefully yes-or-no
16 questions, just to keep us on the same page.  I've
17 put up on the screen what we previously marked as
18 Exhibit 30, and it's an e-mail from you to Ms. Sperry
19 dated March 14th, 2018.  Do you see that?
20      A.   Yes.
21      Q.   And is this the e-mail that you're
22 referring to where you gave Ms. Sperry a heads up
23 that you had had a falling out with Jessica and that
24 she was aware of some things from your past that you
25 weren't proud of?

```
 1        A.    Yes.
 2        Q.    And you confirmed earlier that this e-mail
 3   communication is the extent of your conversation with
 4   Ms. Sperry about that issue.  You never had any
 5   in-person conversations with her about it?
 6        A.    Correct.
 7        Q.    And it's an accurate statement that the
 8   only person associated with SWOCC who you told about
 9   being in adult films as a teenager was Jessica.
10   Correct?
11        A.    Not -- when you say "associated," that's
12   too much of a broad term.
13        Q.    Let's say you never told any faculty
14   members about your history in adult films, correct?
15        A.    Correct.
16        Q.    You never told any administrators,
17   correct?
18        A.    Correct.
19        Q.    Okay. Now let's go with classmates.  Any
20   other than Jessica?
21        A.    No.  I know that I had written about
22   modeling I think at some point in a paper in
23   undergrad, but I was very careful not to say what
24   type.  Just, it was in reference to traveling and
25   things like that, or just my experience.  But it was
```

```
 1   a couple years of my life that was eventful and --
 2   but getting into the specifics, no, you're correct, I
 3   did not.
 4          Q.   And the first time that you told anyone at
 5   SWOCC, any faculty member or administrator, is when
 6   you met with Mr. Dailey in this meeting we were just
 7   talking about.  Correct?
 8          A.   Correct.
 9          Q.   Now, earlier in this litigation process I
10   had sent you some interrogatories asking about why
11   you believe Ms. Sperry was motivated by your past in
12   adult films and how she treated you with regard to
13   your grades and your assignments, and the response I
14   got was that you believed an estranged family member
15   must have passed along that information or could have
16   passed along that information.  Do you recall that?
17          A.   Yes.  My -- I specifically heard my
18   brother-in-law admit to doing so.
19          Q.   Who's your brother-in-law?
20          A.   Allen Ryan Moon.
21          Q.   What did Ryan Moon admit?  Did he tell
22   someone at SWOCC?
23          A.   He said that he bribed my niece into
24   telling the nursing program.  He didn't elaborate on
25   who she told or anything like that.  But as we went
```

# REPORTER'S CERTIFICATE

    I, Vicky McDaniel, Registered Professional Reporter and Certified Shorthand Reporter in and for the State of Utah, do hereby certify:

    That prior to being examined, the witness, NICOLE GILILLAND, was remotely by me duly sworn to tell the truth, the whole truth, and nothing but the truth;

    That said deposition was taken down by me in stenotype on March 12, 2021 through a Zoom videoconference and was thereafter transcribed, and that a true and correct transcription of said testimony is set forth in the preceding pages, according to my ability to understand through Zoom.

    I further certify that, a request having been made to review the transcript, a reading copy was sent to Mr. Mark for the witness to read and sign and then return to me for filing with Mr. Reese.

    I further certify that I am not of kin or otherwise associated with any of the parties to said cause of action and that I am not interested in the outcome thereof.

    WITNESS MY HAND this 20th day of March, 2021.

                Vicky McDaniel, CSR, RMR

