SUBMITTED BY:
Brandon J. Mark (041613)
Michael W. Young (admitted pro hac vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
bmark@parsonsbehle.com
myoung@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **NICOLE GILILLAND, AN INDIVIDUAL,**<br><br>  Plaintiff,<br><br>vs.<br><br>**SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT BY AND THROUGH ITS BOARD OF EDUCATION, AN OREGON COMMUNITY COLLEGE DISTRICT AND BOARD; SOUTHWESTERN OREGON COMMUNITY COLLEGE, AN OREGON COMMUNITY COLLEGE,**<br><br>  Defendants. | Case No. 6:19-cv-00283-MK<br><br>**OBJECTIONS TO DEFENDANT SOUTHWESTERN OREGON COMMUNITY COLLEGE'S PROPOSED JURY INSTRUCTIONS** |

COMES NOW Plaintiff Nicole Gililland ("Plaintiff"), by and through her undersigned counsel, for her Objections to Defendant's Proposed Jury Instructions, and states as follows:

1. Plaintiff has no objection to Defendant's proposed jury instruction regarding Claims and Defenses.

2. Plaintiff <u>objects</u> to Defendant's proposed jury instruction regarding Sex-Based Harassment. Defendant has modified the requisite standard under Title IX. The alleged harasser (or appropriate person that was deliberately indifferent to the harassment) is not

required to have made an affirmative decision to deprive Plaintiff of access to educational opportunities or benefits provided by the school. While that outcome is a necessary element for Plaintiff to prove, the alleged harasser need not have been cognizant of, intended for, or otherwise have made any affirmative decision for a deprivation of educational benefits to be the result of the harassment or deliberate indifference.

Additionally, Defendant has removed an acceptable form of "sex-based harassment" (that such harassment may take the form of harassment or discrimination motivated by a plaintiff's failure to conform to "desired stereotypical female characteristics"). That discrimination based on "stereotypical gender characteristics" constitutes sex-based harassment under Title IX is supported by case law. ("Title IX's prohibition of discrimination 'on the basis of sex' encompasses both sex - in the biological sense - as well as gender. *Schwenk v. Hartford*, 204 F.3d 1187, 1202 (9th Cir. 2000); *Nichols v. Azteca Rest. Enters., Inc.,* 256 F.3d 864, 874-75 (9th Cir. 2001) (holding that discrimination against either a man or a woman on the basis of gender stereotypes is prohibited); *Videckis v. Pepperdine Univ.*, 150 F. Supp. 3d 1151, 1158 (C.D. Cal. 2015) (lack of conformity to gender stereotypes is actionable under Title IX); *see also Price Waterhouse v. Hopkins*, 490 U.S. 228, 250-251 (1989) (holding that discrimination on the basis of gender stereotypes constitutes sex discrimination under Title VII).

Further, the Court's own summary judgment order in this matter specifically recognized that gender stereotypes are "appropriately considered under Title IX discrimination analysis." Opinion and Order, 11, Dec. 3, 2021. "Because such stereotypes 'stem from a person's views about the proper roles of men and women[,]. . . [d]iscrimination based on a perceived failure to conform to a stereotype constitutes

2

actionable discrimination under Title IX." *Id.* (internal citation omitted). To fail to instruct the jury that the most prominent form of sex-based harassment in this matter is encompassed by Title IX would potentially, in Plaintiff's view, be reversable error.

3. Plaintiff has no objection to Defendant's proposed jury instruction regarding "Deliberate Indifference—Defined."

4. Plaintiff <u>objects</u> to Defendant's proposed jury instruction regarding "Protected Activity—Defined." Defendant omits activities that constitute "protected activities" under Title IX (namely, complaining to a dean or administrator about gender-based institutional bias or complaints about a professor's unequal treatment or sexual harassment of female students) that are directly on point in this matter and supported by case law. *See Emeldi v. Univ. of Or.,* 673 F.3d 1218, 1224 (9th Cir. 2012). As these specific examples are on point here, it would be helpful for the jury to be instructed that these examples directly constitute "protected activities" under Title IX.

5. Plaintiff <u>objects</u> to Defendant's proposed jury instruction regarding "Causal link—Defined." Defendant heightens the requisite burden for a plaintiff to establish a causal link between the protected activity and the adverse action she experienced. Defendant sets forth that a plaintiff must prove that her protected activity was a motivating factor behind the adverse action she experienced. Defendant cites to an unpublished District of Pennsylvania case to support its standard. Plaintiff, however, cited to a 9th Circuit published opinion, *Emeldi v. Univ. of Or.,* 673 F.3d 1218 (9th Cir. 2012). In that case, the standard is that "the 'causal link' within the context of Title IX is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative action are not completely

4887-4521-8846.v1

unrelated." *Id.* Plaintiff believes her cited standard is the correct one, and the one upon which the jury should be instructed.

6. Plaintiff <u>objects</u> to Defendant's proposed instruction on "Existence of a Contract." Defendant has removed specific examples, supported by case law and the Court's own ruling in the summary judgment motion, that would be helpful for a jury to know when deliberating the existence of a contract in this matter. Specifically, Defendant has omitted "[t]he relationship between a student and a college, which involves the payment of tuition for educational services is essentially contractual in nature. Statements in course catalogs, student handbooks, and similar documents can establish the terms of a contractual agreement." Opinion and Order, 15, Dec. 3, 2021 (internal citations omitted).

"District courts have broad discretion in tailoring jury instructions as long as the instructions are fair, adequate, correct, and not misleading." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F.3d 1042, 1051 (9th Cir. 1998); *Canal Props., LLC v. Alliant Tax Credit V, Inc.*, 220 F. App'x 699, 701 (9th Cir. 2007). Plaintiff's proposed instruction is correct on the law, not misleading, and fair. Defendant's proposed instruction, however, is not adequate.

7. Plaintiff has no objection to Defendant's proposed instruction regarding "Damages—Mitigation."

8. Plaintiff has no objection to Defendant's proposed instruction regarding "Damages for Breach of Contract."

4

DATED this 3rd day of May 2022.

/s/ Michael W. Young
Brandon J. Mark (OSB No. 041613)
Michael W. Young (admitted pro hac vice)
*Attorneys for Plaintiff*

4887-4521-8846.v1

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **OBJECTIONS TO DEFENDANT SOUTHWESTERN OREGON COMMUNITY COLLEGE'S PROPOSED JURY INSTRUCTIONS** on the date indicated below,

[X]   Via Email
[X]   Via Electronic Filing
[ ]   Via Facsimile Transmission
[ ]   Via Hand Delivery
[ ]   Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Luke W. Reese, OSB No. 076129

lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
   Of Attorneys for Defendant


DATED this 3rd day of May, 2022.


PARSONS BEHLE & LATIMER


*s/ Michael W. Young*
Michael W. Young
(Admitted Pro Hac Vice)
myoung@parsonsbehle.com
Of Attorneys for Plaintiff

6

4887-4521-8846.v1