Brandon J. Mark (041613)
Michael W. Young (Admitted Pro Hac Vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801-532-1234
Facsimile:  801-536-6111
bmark@parsonsbehle.com
myoung@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **NICOLE GILILLAND,** an individual**,**<br><br>          Plaintiff,<br><br>vs.<br><br>**SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT BY AND THROUGH ITS BOARD OF EDUCATION,** an Oregon community college District and Board**; SOUTHWESTERN OREGON COMMUNITY COLLEGE,** an Oregon community college**;**<br><br>          Defendants. | Case No. 6:19-cv-00283-MK<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S EMOTIONAL OR MENTAL STATE OR CONDITION** |

Plaintiff Nicole Gililland, by and through counsel, submits her memorandum in support of her *Motion in Limine to Exclude Evidence of Plaintiff's Emotional or Mental State or Condition* and respectfully requests that the Court enter an order excluding any testimony or argument regarding, referencing, or opining on Ms. Gililland's purported mental or emotional conditions or need for a psychological exam from any use at trial and to instruct the attorneys for Defendants to personally admonish their clients and witnesses to refrain from mentioning the same to the jury in any manner.

**INTRODUCTION AND FACTUAL BACKGROUND**

Throughout this lawsuit, various witnesses have made references to, and formed unfounded conclusions about, Ms. Gililland's mental or emotional state during her time in Southwestern Oregon Community College's ("SWOCC") nursing program. For example, in her deposition, Ms. Susan Walker, the former Director of the Nursing Program at SWOCC, testified that she, along with others, were concerned about Ms. Gililland's emotional stability. (Deposition of Susan Walker ("Walker Depo."), 62:20-63:4). Additionally, Mr. Tim Dailey, the former Vice President of Student Services at SWOCC, stated in his deposition that he and other SWOCC employees discussed asking Ms. Gililland to take a psychological evaluation because "[s]he was very emotional." (Deposition of Tim Dailey ("Dailey Depo."), 99:2-12). Defendants will likely attempt to introduce this evidence or other similar evidence concerning Ms. Gililland's emotional or mental state or conditions at trial as ostensible support for SWOCC's decision to dismiss Ms. Gililland from SWOCC's nursing program. However, there are no psychological evaluations of Ms. Gililland in the factual record of this case, there are no diagnoses on the record suggesting Ms. Gililland suffers from any emotional or mental instability or impairment, and Defendants have not offered any expert who can testify regarding Ms. Gililland's mental or emotional state. Accordingly, testimony or arguments that suggest Ms. Gililland was emotionally or mentally unstable or impaired throughout her time at SWOCC, or that she needed a psychological exam, is not proper lay-witness testimony, is conclusory and speculative, and is extremely prejudicial. For these reasons, the testimony should be excluded from use at trial.

4887-2837-8910.v1

**ARGUMENT**

I. **TESTIMONY SUGGESTING MS. GILILLAND WAS EMOTIONALLY OR MENTALLY UNSTABLE OR IN NEED OF A PSYCHOLOGICAL EVALUATION IS NOT PROPER LAY-WITNESS TESTIMONY AND IS ENTIRELY SPECULATIVE.**

Under rule 701 of the Federal Rules of Evidence, lay witnesses may give testimony that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Mr. Dailey's testimony suggesting that Ms. Gililland needed a psychological exam and Ms. Walker's testimony that Ms. Gililland was emotionally unstable go beyond what they perceived of Ms. Gililland's behavior.[1] Instead, their testimony ventures into whether Ms. Gililland has a mental or emotional condition or impairment and whether she needed psychological diagnosis and treatment. This type of testimony decidedly requires "specialized knowledge within the scope of Rule 702" and is not admissible as lay-witness testimony. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (affirming a decision not to consider lay-witness testimony that a person had a mental impairment because "it is not the equivalent of 'medically acceptable . . . diagnostic techniques.'"); *Bennetts v. Astrue*, No. CV 10–1124–PK, 2011 WL 5024993, at *4 (D. Or. Oct. 20, 2011) ("[L]ay witnesses are not

---

[1] Even Ms. Walker and Mr. Dailey's purported observations that Ms. Gililland was "very emotional" should be excluded. When questioned about the facts underpinning her concerns regarding Ms. Gililland's emotional stability, Ms. Walker failed to point to any specific instances of emotional outbursts or unsafe behavior by Ms. Gililland to substantiate her comments. [Walker Depo., 63:1-24]. Moreover, both Ms. Walker and Mr. Dailey's purported concerns regarding Ms. Gililland's emotional or mental state seems to be based at least in part on comments made by others outside of court proceedings. [*See, e.g.*, Walker Depo., 63:23-24 ("[T]hey all talked about how [Ms. Gililland] yelled at them."); Dailey Depo. 32:19-24 ("[Ms. Walker] made a comment at the end of the meeting based on what she was witnessing, that [Ms. Gililland] was very emotional during the meeting and that she was concerned that her emotionality could, you know, carry over into her clinical practice.")]. Of course, these comments made by others outside of court proceedings are inadmissible hearsay statements. Fed. R. Evid. 801(c); Fed R. Evid. 802.

competent to provide medical diagnoses or to establish the existence of a medically determinable impairment."). Thus, Mr. Dailey and Ms. Walker's testimonies, and all other non-expert testimony that suggests Ms. Gililland has a mental or emotional condition or needs a psychological exam exceeds the scope of proper lay-witness testimony under Federal Rule of Evidence 701 and should be excluded.[2]

Additionally, Mr. Dailey and Ms. Walker's testimonies should be excluded because they contain or suggest conclusions that are based purely on speculation. *See Redwind v. Western Union, LLC*, No. 3:14-cv-01699-AC, 2016 WL 1732871, at *2 (D. Or. May 2, 2016) ("[L]ay-witnesses may not give testimony in the form of conclusions or that is speculative."). On certain occasions, Mr. Dailey and others claim that they observed Ms. Gililland being "very emotional." (*See, e.g.*, Dailey Depo., 99:2-12). Based on these purported observations, and without conducting any type of scientific or medical investigation into Ms. Gililland's mental or emotional state, Mr. Dailey concluded that Ms. Gililland needed a psychological evaluation and Ms. Walker concluded Ms. Gililland was "emotionally unstable." These conclusions are based entirely on Mr. Dailey and Ms. Walker's speculation, as again, there is nothing in the record that suggests Mr. Dailey, Ms. Walker, or any other person has conducted a medical or psychological investigation into Ms. Gililland's emotional or mental state during her time at SWOCC. Accordingly, any lay-witness

---

[2] To the extent Defendants attempt to argue that Mr. Dailey or Ms. Walker are experts capable of testifying to Ms. Gililland's purported mental or emotional conditions or need for psychological evaluation, Defendants have not identified Mr. Dailey or Ms. Walker as expert witnesses in this matter. Moreover, testimony by medical experts is entirely speculative and inadmissible unless they form their opinions based on facts or data they have been made aware of or personally observed. *Stephens v. Union Pacific R.R. Co.*, 935 F.3d 852, 856-57 (9th Cir. 2019) (finding that medical experts' opinions were not sufficient evidence because the experts did not base their opinions on facts or data.). As noted above, nothing in the record shows that any person has conducted a medical investigation or attempted to gather facts or data related to whether Ms. Gililland has a mental or emotional condition or needs psychological evaluation. Accordingly, Mr. Dailey and Ms. Walker should not be allowed to offer their respective testimonies.

testimony that concludes Ms. Gililland has a mental or emotional condition or needs a psychological evaluation is speculative and should be excluded. *Redwind*, 2016 WL 1732871, at *2

**II.     TESTIMONY SUGGESTING MS. GILILLAND WAS EMOTIONALLY OR MENTALLY UNSTABLE OR IN NEED OF A PSYCHOLOGICAL EVALUATION IS FAR MORE PREJUDICIAL THAN PROBATIVE.**

Pursuant to Federal Rule of Evidence 403, a court may exclude evidence "if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Thus, where testimony is minimally probative and would unnecessarily confuse or mislead a jury, it is proper for a court to exclude the testimony. S*ee U.S. v. 87.98 Acres of Land More or Less in the County of Merced*, 530 F.3d 899, 905-08 (9th Cir. 2008) (excluding certain testimony as evidence where it "would mislead or confuse the jury" or would invite unsupported inferences); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688-90 (9th Cir. 2001) (affirming the exclusion of testimony where the risk of unfair prejudice it posed substantially outweighed its probative value).

Neither Mr. Dailey nor Ms. Walker have been offered as expert witnesses that are qualified to comment on Ms. Gililland's mental or emotional health, and nothing in the record suggests that anyone conducted an evaluation of Gililland's mental or emotional state during her time at SWOCC. Thus, Mr. Dailey and Ms. Walker's comments regarding Ms. Gililland's purported mental or emotional conditions and need for psychological testing are nothing more than speculative, non-expert opinions that go beyond the scope of permissible lay-witness testimony. Accordingly, Mr. Dailey and Ms. Walker's testimonies have extremely limited probative value.

Conversely, Mr. Dailey and Ms. Walker's testimonies, along with any other testimony suggesting Ms. Gililland has a mental or emotional condition or impairment or requires

psychological testing, poses a great risk of confusing and misleading the jury into believing that Ms. Gililland was dismissed from the nursing program at SWOCC because she has a mental or emotional condition or impairment. There is no medical or psychological testing of any kind in the record that suggests Ms. Gililland has a mental or emotional impairment or condition, and thus, it would be wholly improper for the jury to render a verdict based on this assumption. *Tennison*, 244 F.3d at 690 (excluding testimony where it would cause the jury to assess liability based on improper considerations). Moreover, Mr. Dailey and Ms. Walker's testimonies could lead to a waste of judicial resources, as their testimonies could lead to a "mini-trial" over whether Ms. Gililland has a mental or emotional impairment that led to her dismissal from SWOCC. *Id*. (affirming the exclusion of testimony where it "might have resulted in a 'mini trial,'" and the mini trial "would be an inefficient allocation of trial time."). Because Mr. Dailey and Ms. Walker's testimonies, and all testimony suggesting Ms. Gililland has a mental or emotional impairment or needs psychological testing, has extremely low probative value and poses great risk of the jury rendering a decision based on improper considerations and wasting judicial resources, the Court should exclude Mr. Dailey and Ms. Walker's testimonies, and all similar testimony.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude any evidence, testimony, or argument that suggests Ms. Gililland was emotionally or mentally unstable or impaired throughout her time at SWOCC, or that she needed a psychological exam.

DATED: May 3, 2022.

          PARSONS BEHLE & LATIMER

          /s/ Michael W. Young

---

          Brandon J. Mark
          Michael W. Young

          *Attorney for Plaintiff*

4887-2837-8910.v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2022, I caused to be filed a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S EMOTIONAL OR MENTAL STATE OR CONDITION** with the Court's ECF system, which sent notice of such filing to counsel for all parties hereto.

/s/ Michael W. Young

4887-2837-8910.v1