Brandon J. Mark (041613)
Michael W. Young (Admitted Pro Hac Vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801-532-1234
Facsimile:  801-536-6111
bmark@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **NICOLE GILILLAND,** an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT BY AND THROUGH ITS BOARD OF EDUCATION,** an Oregon community college District and Board; **SOUTHWESTERN OREGON COMMUNITY COLLEGE,** an Oregon community college; <br><br> Defendants. | Case No. 6:19-cv-00283-MK <br><br> **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GRAMMARLY** |

//

**INTRODUCTION**

The Court granted Plaintiff's Motion for Spoliation Sanctions as to Defendants' failure to preserve the Grammarly account. In its ruling, the Court stated that it will "permit Plaintiff's counsel to make appropriate arguments about the Grammarly account and prevent Defendants from introducing evidence that suggests the contents of the Grammarly account." Opinion and Order, 26, Dec. 3, 2021. Because Defendants failed to preserve the Grammarly account, any evidence of or reference to the account, even generally, would present room for speculation as to the Grammarly account's findings or contents. Accordingly, and consistent with the logic of the Court's ruling, Plaintiff now moves to exclude any evidence of or reference to the Grammarly account entirely.

**ARGUMENT**

I. **EXLUSION OF ANY EVIDENCE OF THE GRAMMARLY ACCOUNT IS CONSISTENT WITH THE COURT'S RULING.**

The Court has already made the necessary findings for a sanction regarding the Grammarly account and generally outlined what it will permit and prevent. While Defendants have already been notified that the Court will prevent Defendants from introducing evidence that suggests the contents of the Grammarly account, Plaintiff believes it is necessary to exclude evidence of or reference to the Grammarly account entirely in order to cure the prejudice.

If loss of information results in prejudice to another party, the court may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Exclusion of any reference to the Grammarly account is necessary to cure the prejudice. If Defendants are permitted to even reference the use of the Grammarly account/program, it will inherently introduce room for jury speculation as to what the use of the Grammarly account concluded or what the account's contents were. Plaintiff has no need to mention or present evidence of the Grammarly account

(unlike the other items upon which the Court also granted spoliation sanctions—the gradebook and other students' assignments—about which Plaintiff will make appropriate arguments). Because Defendants failed to properly preserve the account, Plaintiff has no ability to meet or counter this likely speculation as to the account's findings or contents. Plaintiff believes this request is consistent with the Court's order and is necessary to cure the prejudice resulting from Defendants' failure to preserve the account. This would necessarily mean that Defendant instructs its witnesses to make no reference to Grammarly or its use in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude any evidence of or reference to the Grammarly account.

DATED: May 3, 2022.

PARSONS BEHLE & LATIMER

/s/ Michael W. Young
Brandon J. Mark
Michael W. Young

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2022, I caused to be filed a true and correct copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GRAMMARLY** with the Court's ECF system, which sent notice of such filing to counsel for all parties hereto.

/s/ Michael W. Young