Brandon J. Mark (041613)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801-532-1234
Facsimile:  801-536-6111
bmark@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **NICOLE GILILLAND,** an individual**,**<br><br>                                  Plaintiff,<br><br>vs.<br><br>**SOUTHWESTERN OREGON COMMU-NITY COLLEGE DISTRICT BY AND THROUGH ITS BOARD OF EDUCATION,** an Oregon community college District and Board**; SOUTHWESTERN OREGON COM-MUNITY COLLEGE,** an Oregon community college**;**<br><br>                                  Defendants. | Case No. 6:19-cv-00283-MK<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED TRIAL EXHIBITS AND WITNESS STATEMENTS** |

//

Plaintiff Nicole Gililland objects to Defendants' proposed trial exhibits as follows:

| No | Description | Objection(s) |
|---|---|---|
| 202 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |
| 203 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |
| 204 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |
| 206 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |
| 207 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |
| 208 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. Hearsay (801). The emails from undergraduate professors are hearsay and do not fall within any exception. |

| 209 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. Hearsay (801). The emails from undergraduate professors are hearsay and do not fall within any exception. |
|---|---|---|
| 210 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. Hearsay (801). The emails from undergraduate professors are hearsay and do not fall within any exception. |
| 211 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. Hearsay (801). The emails from undergraduate professors are hearsay and do not fall within any exception. |
| 212 | Incomplete portions of Nursing Student Handbook | Incomplete and misleading without full context. (1001, 1002) |
| 213 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. Hearsay (801). The emails from undergraduate professors are hearsay and do not fall within any exception. |
| 214 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |

| 215 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |
|---|---|---|
| 216 | Emails from undergraduate courses | Relevance and prejudice (401, 403). These emails are from a different program years before the incidents in question. Impermissible character evidence (404). SWOCC wants to suggest that the emails reveal Plaintiff's character and hope the jury will draw an impermissible inference on that basis. |
| 238 | Notes from Melissa Sperry | Hearsay (801). The notes are hearsay if offered by Defendants, including any statements allegedly attributed to Plaintiff. If offered against Defendants, any purported statements of Plaintiff must be redacted. Additionally, portions of the notes may be subject to Plaintiff's motion in limine regarding Plaintiff's emotional state, and should be redacted if allowed. |
| 241 | Notes from Susan Walker | Hearsay (801). The notes are hearsay if offered by Defendants, including any statements allegedly attributed to Plaintiff. If offered against Defendants, any purported statements of Plaintiff must be redacted. Additionally, portions of the notes may be subject to Plaintiff's motion in limine regarding Plaintiff's emotional state, and should be redacted if allowed. |
| 243 | SWOCC's notes about various issues | Hearsay (801). The notes are hearsay if offered by Defendants, including any statements allegedly attributed to Plaintiff. If offered against Defendants, any purported statements of Plaintiff must be redacted. |
| 246 | Unidentified notes about meeting | Hearsay (801). The notes are hearsay if offered by Defendants, including any statements allegedly attributed to Plaintiff. If offered against Defendants, any purported statements of Plaintiff must be redacted. Additionally, portions of the notes may be subject to Plaintiff's motion in limine regarding Plaintiff's emotional state, and should be redacted if allowed. |
| | | |

| 252 | Pam Wick's notes | Hearsay (801). The notes are hearsay if offered by Defendants, including any statements allegedly attributed to Plaintiff. If offered against Defendants, any purported statements of Plaintiff must be redacted. |
|---|---|---|
| 253 | Emails between SWOCC administration | Hearsay (801). The emails between Walker and other SWOCC administrators are hearsay and may need to be redacted if the exhibit is admitted, unless offered against Defendants. |
| 254 | Emails between SWOCC administration | Hearsay (801). The emails between the SWOCC administrators are hearsay and may need to be redacted if the exhibit is admitted, unless offered against Defendants. |
| 255 | Emails between SWOCC administration | Hearsay (801). The emails between the SWOCC administrators are hearsay and may need to be redacted if the exhibit is admitted, unless offered against Defendants. |
| 257 | Emails between SWOCC administration | Hearsay (801). The emails between the SWOCC administrators are hearsay and may need to be redacted if the exhibit is admitted, unless offered against Defendants. Additionally, portions of the notes may be subject to Plaintiff's motion in limine regarding Plaintiff's emotional state, and should be redacted if allowed. |
| 258 | Emails between SWOCC administration | Hearsay (801). The emails between the SWOCC administrators are hearsay and may need to be redacted if the exhibit is admitted, unless offered against Defendants. Additionally, portions of the notes may be subject to Plaintiff's motion in limine regarding Plaintiff's emotional state, and should be redacted if allowed. |
| 260 | Emails about other assignments later in semester | This exhibit is subject to the Court's sanctions order (ECF 65 at 23) "prevent[ing] Defendants from introducing evidence that suggests the gradebook's contents." Defendants have introduced this email and other related emails to argue that Plaintiff failed from SWOCC for reasons other than the assignments identified by Plaintiff—i.e., the contents of the gradebook. The only purpose for Defendants to introduce this email would be in violation of the Court's sanctions order. |

| 261 | Emails about other assignments later in semester | This exhibit is subject to the Court's sanctions order (ECF 65 at 23) "prevent[ing] Defendants from introducing evidence that suggests the gradebook's contents." Defendants have introduced this email and other related emails to argue that Plaintiff failed from SWOCC for reasons other than the assignments identified by Plaintiff—i.e., the contents of the gradebook. The only purpose for Defendants to introduce this email would be in violation of the Court's sanctions order. |
|---|---|---|
| 265 | Emails between SWOCC administration | Hearsay (801). The emails between the SWOCC administrators are hearsay and may need to be redacted if the exhibit is admitted, unless offered against Defendants. |
| 268 | Emails between SWOCC administration | Hearsay (801). The emails between the SWOCC administrators are hearsay and may need to be redacted if the exhibit is admitted, unless offered against Defendants. |
| 269 | Emails about grading issues and what grades Plaintiff supposedly received in various classes | This exhibit is subject to the Court's sanctions order (ECF 65 at 23) "prevent[ing] Defendants from introducing evidence that suggests the gradebook's contents." Defendants have introduced this email and other related emails to argue that Plaintiff failed from SWOCC for reasons other than the assignments identified by Plaintiff—i.e., the contents of the gradebook. The only purpose for Defendants to introduce this email would be in violation of the Court's sanctions order. It is also hearsay not within any exception (801). |
| 270 | Emails about other assignments and grading issues | This exhibit is subject to the Court's sanctions order (ECF 65 at 23) "prevent[ing] Defendants from introducing evidence that suggests the gradebook's contents." Defendants have introduced this email and other related emails to argue that Plaintiff failed from SWOCC for reasons other than the assignments identified by Plaintiff—i.e., the contents of the gradebook. The only purpose for Defendants to introduce this email would be in violation of the Court's sanctions order. It is also hearsay not within any exception (801). |

| 272 | Emails about other assignments and grading issues | This exhibit is subject to the Court's sanctions order (ECF 65 at 23) "prevent[ing] Defendants from introducing evidence that suggests the gradebook's contents." Defendants have introduced this email and other related emails to argue that Plaintiff failed from SWOCC for reasons other than the assignments identified by Plaintiff—i.e., the contents of the gradebook. The only purpose for Defendants to introduce this email would be in violation of the Court's sanctions order. It is also hearsay not within any exception (801). |
|---|---|---|
| 273 | Emails about other assignments and grading issues | This exhibit is subject to the Court's sanctions order (ECF 65 at 23) "prevent[ing] Defendants from introducing evidence that suggests the gradebook's contents." Defendants have introduced this email and other related emails to argue that Plaintiff failed from SWOCC for reasons other than the assignments identified by Plaintiff—i.e., the contents of the gradebook. The only purpose for Defendants to introduce this email would be in violation of the Court's sanctions order. It is also hearsay not within any exception (801). |
| 275 | Plaintiffs' interrogatory responses | Certain responses are irrelevant or barred by other rulings of the Court. Depending of what portions Defendants offer, other portions may need to be redacted (401, 403). |
| 278 | Text messages | Relevancy and prejudice (401, 403). It is not clear these are about anything related to this case. |
| 279 | Text messages | Relevancy and prejudice (401, 403). It is not clear these are about anything related to this case. |
| 281 | Emails with Oregon Board of Nursing | Relevancy and prejudice (410, 403). This is an email conversation with the Oregon Board of Nursing. The Oregon Board of Nursing asserted immunity from discovery under Oregon statutes in the course of the litigation. This email references the Oregon Board's investigation, about which Plaintiff was precluded from taking any discovery. Allowing Defendants to introduce evidence referring to the outcome of a third-party's investigation when the results of the investigation are not available would be prejudicial to Plaintiff. |

| 282 | Letter from Oregon Board of Nursing. | Hearsay (801). There is no exception under which this document falls. Relevancy and prejudice (410, 403). This is a letter from the Oregon Board of Nursing explaining that it has it closed its investigation, but failing to explain the scope of its investigation, the evidence it relied upon, or even anything about its deliberation process. Plaintiff subpoenaed the Oregon Board for its investigative file but was precluded from obtaining under Oregon law. Allowing Defendants to introduce evidence referring to the outcome of a third-party's investigation when the results of the investigation are not available would be prejudicial to Plaintiff. |
| --- | --- | --- |
| 283 | Psychological evaluation | Conditional objections under Rules 401, 403. These may be irrelevant depending on the Court's ruling on other issues. |
| 284 | Psychological evaluation | Conditional objections under Rules 401, 403. These may be irrelevant depending on the Court's ruling on other issues. |
| 285 | Email to third party | Relevancy and prejudice (401, 403). Plaintiff's email to another person about entirely irrelevant matter is irrelevant and would be confusing and prejudicial for the jury to consider during trial. |
| 286 | Email to third party | Portions of the email are irrelevant and highly prejudicial as they describe events and issues that are not relevant to claims and defenses in this case. While portions of the email may be relevant for certain limited reasons, the email will have to redacted of all inadmissible material before it is shown to the jury or admitted into evidence. (401, 403). |
| 287 | Letter from third party | This is a letter from a third-party and is hearsay (801). Conditional objections under Rules 401, 403. These may be irrelevant depending on the Court's ruling on other issues. |
| 289 | Multiple emails | The first email on bates page 301 is irrelevant and prejudicial (401, 403). The rest of the emails are relevant and admissible, but the first email should be redacted before shown to the jury or admitted into evidence. |
| 290 | Discharge notes | Portions of the discharge notes relating to certain diagnoses and responses from Plaintiff are not relevant and would be highly prejudicial and confusing if revealed to the jury. (401, 403). To the extent that the exhibit is shown to the jury or admitted into evidence, it must be redacted of all irrelevant and prejudicial statements. |

| 291 | Email to Oregon DHS | Relevancy and prejudice (401, 403). Plaintiff's email to another person about entirely irrelevant matter is irrelevant and would be confusing and prejudicial for the jury to consider during trial. |
| --- | --- | --- |
| 292 | Email and narrative | While portions of this narrative are relevant, other portions relate to different issues that are irrelevant and prejudicial. (401, 403.) |
| 293 | Oregon Administrative Rules | Irrelevant and prejudicial (401, 403). Defendants have not identified any particular rule(s) they intend to introduce, but it is not appropriate for the jury to be introduced to legal concepts through party exhibits. To the extent Defendants believe there are legal principles that the jury needs to be informed about, those must come through the Court's instructions to the jury. |

Plaintiff objects to Defendants' witness statement for Eric Morrell, PhD. Defendants never disclosed Dr. Morrell as a potential witness in their Rule 26(a)(1) initial disclosures or any discovery responses. Fed. R. Civ. P. 37(c). Defendants' disclosure of his testimony is also inadequate under Rule 26(a)(2)(C). Plaintiff was unable to prepare for his potential trial examination or take a deposition because of Defendants' failure to disclose his testimony previously, and Plaintiff would be prejudiced from allowing his testimony at this late stage.

DATED: May 3, 2022.

PARSONS BEHLE & LATIMER

/s/ Brandon J. Mark
Brandon J. Mark

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2022, I caused to be filed a true and correct copy of the foregoing **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS AND WITNESS STATEMENTS** with the Court's ECF system, which sent notice of such filing to counsel for all parties hereto.

*/s/* Brandon J. Mark