Brandon J. Mark (041613)
Michael W. Young (Admitted Pro Hac Vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801-532-1234
Facsimile:  801-536-6111
bmark@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **NICOLE GILILLAND,** an individual**,**<br><br>                                      Plaintiff,<br><br>vs.<br><br>**SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT BY AND THROUGH ITS BOARD OF EDUCATION,** an Oregon community college District and Board**; SOUTHWESTERN OREGON COMMUNITY COLLEGE,** an Oregon community college**;**<br><br>                                      Defendants. | Case No. 6:19-cv-00283-MK<br><br>**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE ABOUT THE OUTCOME OR RESULTS OF THE OREGON BOARD OF NURSING'S INVESTIGATION** |

//

# INTRODUCTION

Plaintiff requests the exclusion of all evidence relating to the outcome or results of the Oregon State Board of Nursing (OSBN)'s investigation of Plaintiff's complaints against Defendants under Federal Rules of Evidence 803(8), 602, and 403, and Federal Rule of Civil Procedure 37(c).

In short, when Plaintiff attempted to obtain discovery concerning the investigation undertaken by the OSBN into her complaint against Defendants, including serving a subpoena on the OSBN for its investigative files and any related records about the OSBN's investigation, factual findings, or conclusions, the OSBN told Plaintiff in no uncertain terms that she was not permitted to obtain the records in the OSBN's files relating to the investigation of her own complaint. Counsel for OSBN cited Oregon Revised Statutes § 678.126(1), which provides that "[a]ny information that the Oregon State Board of Nursing obtains pursuant to [it investigative powers] is confidential as provided under ORS 676.175." That statute generally provides that any investigative files are confidential and exempt from disclosure. Counsel for OSBN represented to Plaintiff's that the OSBN routinely challenges and prevails against subpoenas for the information Plaintiff was seeking and indicated the OSBN would fight any disclosure of its investigative files in this case. In other words, no one—including Plaintiff and Defendants—has ever seen the actual results of the OSBN's investigation or *any information* about how the OSBN actually conducted its investigation, if at all.

Nonetheless, Defendants have listed as trial exhibits (e.g., 281, 282) the cursory, summary communications that the OSBN provided at the conclusion of its investigation. For the reasons set forth below, the Court should enter an order precluding Defendants from offering any evidence,

including testimony or exhibits, about the results of the OSBN's investigation.[1] Defendants should also be ordered to instruct their witnesses accordingly.

## ARGUMENT

I.  **DEFENDANTS SHOULD BE PRECLUDED FROM MAKING ANY REFERENCE OR INTRODUCING ANY EVIDENCE ABOUT THE RESULTS OR OUTCOME OF THE OSBN'S INVESTIGATION BECAUSE THE OSBN HAS PRECLUDED ALL DISCOVERY INTO THAT INVESTIGATION.**

Crucially, none of the exhibits that Defendants seek to introduce reflect in any way the OSBN's (1) "activities," (2) "a matter observed while [the OSBN was] under a legal duty to report," and (3) "factual findings from a legally authorized investigation" of the OSBN. Fed. R. Evid. 803(8)(A). A government "report is only admissible as a public record under Rule of Evidence 803(8) if the sponsoring party establishes a proper foundation as to what the report purports to be." *Sanchez v. Chicago*, No. 12 C 06347, 2016 WL 4905672, at *12 (N.D. Ill. Sept. 15, 2016); *United States v. Hatchett*, 245 F.3d 625, 644 (7th Cir. 2001) (party must lay foundation for Fed. R. Evid. 803(8) hearsay exception); *Bemis v. Edwards*, 45 F.3d 1369, 1374 (9th Cir. 1995) (courts cannot admit records under R. Evid. 803(8) "without such a foundation" for the hearsay exception being laid by a witness).

Here, Defendants do not have a witness with personal knowledge (Rule 602) who can lay the foundation for the Rule 803(8) exception because the documents, on their face, do not contain the required elements. In particular, none of the exhibits contains "factual findings" of the OSBN—they simply provide the conclusion of the OSBN's investigation in a brief, summary fashion. But an unexplained conclusion of a government investigation is not allowed under Rule

---

[1] Plaintiff does not seek to preclude evidence that a complaint was made to OSBN or that OSBN conducted an investigation. Instead, Plaintiff seeks to preclude evidence, arguments, or comments about the results or outcome of such investigation, which have never been made public.

803(8)—the report must contain "factual findings." However, as the OSBN told Plaintiff, such factual findings are not generally discoverable and are considered confidential by the OSBN. *See* Oregon Revised Statutes § 678.126(1). They are not, therefore, revealed in the exhibits Defendants seek to introduce.

Furthermore, none of Defendants' witnesses was personally involved (Rule 602) in the OSBN's deliberations or decision-making—and certainly none were involved in making any factual findings for OSBN. Accordingly, none of Defendants other witnesses can lay the necessary foundation for the admission of the OSBN documents under Rule 803(8) either.

Additionally, because the OSBN specifically precluded Plaintiff from seeking any discovery into its investigation, the scope or care of that investigation, the focus of that investigation, or any other pertinent details—which Defendants also lack—there is no admissible evidence that the OSBN's investigation covered any of the relevant issues in this case. The OSBN's investigation could have focused on different issues or aspects of Plaintiff's complaints than the issues raised in this lawsuit. Literally no one involved in this lawsuit knows. Because OSBN provided no information to either party in this litigation about the investigation or any related factual findings, it is simply unknown what the OSBN's investigation covered or included. Accordingly, it would be highly prejudicial, confusing, and misleading to allow the jury to speculate either about the OSBN's investigation or the reasons for its conclusion. Accordingly, under Rule 403, the Court should exclude any such evidence.

Finally, Defendants failed to disclose any witnesses or documents reflecting upon the OSBN's investigation during the course of this lawsuit. Defendants sought no discovery from the OSBN or any witness related to the OSBN during the course of this lawsuit. Defendants never served a subpoena on OSBN or any witness associated with OSBN. Whatever Defendants'

intentions with respect to the OSBN-related exhibits and any associated testimony, Defendants failed to disclose any of it under their Rule 26(a)(1) and related obligations. Accordingly, under Rule 37(c) of the Federal Rules of Civil Procedure, the Court should exclude any evidence, exhibits, or testimony about the outcome or results of the OSBN's investigation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude evidence relating to the outcome or results of the OSBN's investigation. Defendants should also be ordered to prepare and instruct their witnesses accordingly.

DATED: May 3, 2022.

PARSONS BEHLE & LATIMER

/s/ Brandon J. Mark
Brandon J. Mark
Michael W. Young

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2022, I caused to be filed a true and correct copy of the foregoing PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE ABOUT THE OUTCOME OR RESULTS OF THE OREGON BOARD OF NURSING'S INVESTIGATION with the Court's ECF system, which sent notice of such filing to counsel for all parties hereto.

*/s/* Brandon J. Mark