Brandon J. Mark (041613)
Michael W. Young (Admitted Pro Hac Vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801-532-1234
Facsimile:  801-536-6111
bmark@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **NICOLE GILILLAND,** an individual**,**<br><br>                            Plaintiff,<br><br>vs.<br><br>**SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT BY AND THROUGH ITS BOARD OF EDUCATION,** an Oregon community college District and Board**; SOUTHWESTERN OREGON COMMUNITY COLLEGE,** an Oregon community college**;**<br><br>                            Defendants. | Case No. 6:19-cv-00283-MK<br><br>**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE ABOUT EMAILS DURING PREREQUISITE COURSES** |

//

Plaintiff requests an order of the Court to exclude Defendants from introducing any evidence, including through exhibits, regarding communications from professors during Plaintiff's prerequisite courses relating to unrelated, specific assignments.

## INTRODUCTION

Before Plaintiff applied for and was accepted into Defendants' nursing program, which is at issue in this case, she completed certain prerequisite courses at the community college. Those courses were taken outside of the nursing program, related to completely different issues (e.g., humanities and math courses), and involved instructors and professors that have nothing whatsoever to do with Defendants' nursing program.

Notably, none of those professors will testify at trial, and none of the underlying assignments that those communications relate to will be in evidence. In short, Defendants never disclosed those witnesses or documents at any time under Rule 26(a)(1), and Defendants still haven't identified them as witnesses or exhibits for trial. Instead, Defendants want to introduce second-hand hearsay emails referencing those assignments.

Defendants have introduced no evidence regarding these prerequisite courses, have not disclosed any witness who will testify about these prerequisite courses or communications to Plaintiff during these prerequisite courses, but for some reason have listed as trial exhibits certain such communications (e.g., Exhibits 208, 209, 210, 211, 213). It appears that Defendants desire to highlight certain hearsay statements from prerequisite faculty regarding citation issues in specific assignments in those unrelated courses. Critically, Defendants have introduced no evidence regarding what instructions or directions Plaintiff was given regarding these issues in other courses or the context in which these communications occurred. In particular, Defendants have not produced the underlying assignments that were referenced during these communications, so it is impossible for any party to understand the context in which these communications were made or why the comments were made. The jury will be left to speculate about whether any of the assignments about which the communications relate have any significance or similarity to the facts at issue

here, though the very allowance of such evidence suggests a link to the jury that may or may not exist. For the foregoing reasons, the Court should exclude any such exhibits and any related testimony under Federal Rules of Evidence 401, 403, 602, 801, and 901.

## ARGUMENT

I. **DEFENDANTS SHOULD NOT BE ALLOWED TO INTRUDUCE HEARSAY EMAILS FROM PLAINTIFF'S PREREQUISITE COURSE PROFESSORS RELATING TO ASSIGNMENTS AND ISSUES ABOUT WHICH NOTHING IS KNOWN AND NO EVIDENCE WILL BE PRESENTED.**

In a transparent effort to bias the jury against Plaintiff, Defendants have listed certain exhibits that are hearsay emails from professors in a few of Plaintiff's prerequisite courses relating to specific assignments and ways that Plaintiff could have improved citation and other stylistic issues on those assignments. The emails themselves are hearsay (Rule 801) and not within any exception. Defendants do not suggest otherwise.

Defendants may respond that they are offered for a non-hearsay purpose, but those purposes can only be credited if there is foundational evidence that the circumstances involved in those communications are substantially and meaningfully similar to the alleged events in this case. Defendants, however, lack *any evidence* about such issues because they have never sought any discovery from those prerequisite professors, have never listed those professors as witnesses, and have never produced any of the assignments about which the communications relate. In short, it impossible for this Court—or any anyone else—to evaluate whether these communications can serve a valid non-hearsay purpose because no witness with personal knowledge (Rule 602) will be available to testify about the emails.

Furthermore, because no witness with personal knowledge of the events and communications in question will be available to testify, Defendants cannot establish the necessary foundation (Rule 901) for the authenticity of such documents. Likewise, and relatedly, because Defendants

lack a witness with personal knowledge of the communications in question—along with the underlying events—Defendants cannot establish that the hearsay emails have any relevance or materiality to any question of fact at issue at trial. Accordingly, to permit Defendants to introduce the exhibits without any sponsoring witness or witness to explain their relevance will only serve confuse, mislead, and ultimately unfairly prejudice the jury (Rule 403).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude evidence relating to communications from Plaintiffs' prerequisite course professors who will not testify about assignments that are not going to be in evidence.

DATED: May 3, 2022.

                                                   PARSONS BEHLE & LATIMER

                                                   /s/ Brandon J. Mark
                                                   Brandon J. Mark
                                                   Michael W. Young

                                                   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2022, I caused to be filed a true and correct copy of the foregoing PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE ABOUT EMAILS DURING PREREQUISITE COURSES with the Court's ECF system, which sent notice of such filing to counsel for all parties hereto.

/s/ Brandon J. Mark