Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICOLE GILILLAND, an individual<br><br>                         Plaintiff,<br><br>vs.<br><br>SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT by and through its BOARD OF EDUCATION, an Oregon community college district and board; SOUTHWESTERN OREGON COMMUNITY COLLEGE, an Oregon community college,<br><br>                         Defendants. | No.   6:19-cv-00283-MK<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEFING ON DAMAGES AVAILABLE UNDER TITLE IX** |

Defendant Southwestern Oregon Community College ("SWOCC") respectfully submits the following Supplemental Briefing on Damages Available Under Title IX in response to the Court's May 17, 2022 request of the parties.

**I.    Introduction**

On May 17, 2022, this court conditionally and correctly ruled that Title IX general damages are not available to Plaintiff Nicole Gililland in the wake of the United States Supreme Court's April 28, 2022 decision in *Cummings v. Premier Rehab Keller, P.L.L.C.* Some states explicitly

prohibit recovery of loss of reputation damages in state law breach of contract actions. Meanwhile, most states permit such recovery not as a general rule, but only in rare and unusual circumstances. The Court in *Cummings v. Premier Rehab Keller, P.L.L.C.* held that such rare, unusual, "fine-grained" remedies are not available under Title IX because they do not put federal funding recipients such as SWOCC on notice of their potential exposure. No. 20-219, 2022 LEXIS 2230 at *18 (Apr. 28, 2022). Loss of reputation damages for breach of contract fall squarely within this category of "fine-grained" remedies. Plaintiff must not be permitted to recover these damages as a part of her Title IX claim.

## II. The General Rule Is Loss of Reputation Damages Are Not Available in State Law Breach of Contract Actions

### A. States Explicitly Prohibit Loss of Reputation Damages for Breach of Contract

Some states wholly preclude claimants from recovering loss of reputation damages for breach of contract. For instance, in California "[d]amages are not recoverable for . . . injury to reputation resulting from breach of contract." (*Frangipani v. Boecker*, 64 Cal. App. 4th 860, 865 (1998); *see also Westwater v. Rector, Warden & Vestry of Grace Church*, 140 Cal. 339 (1903).) In other states like Arizona, courts treat matters where a claimant seeks damages to reputation as "more than just [a] contract remedy." *Nelson v. Phoenix Resort Corp.*, 1818 Ariz. 188, 197 (1994).

### B. Loss of Reputation Damages for Breach of Contract Are Rare and Unusual

The consensus among state appellate and supreme courts is that as a general rule loss of reputation damages are not recoverable in breach of contract actions. The Alaska Supreme Court described the "normal" rule to be that a wrongfully discharged employee could not recover loss of reputation damages. *Skagway City Sch. Bd. v. Davis*, 543 P.2d 218, 225 (1975). According to the

*Skagway* court, the reasons behind this "normal rule" are: (1) "the computation of damages for injury to reputation is unduly speculative;" and (2) "such damages cannot reasonably be presumed to have been within the contemplation of the parties when they entered into the contract." *Id.* This framework where loss of reputation damages for breach of contract are available only as a rare and unusual exception persist in jurisdictions across the country. To illustrate:

- In the District of Columbia, the general rule that consequential damages for breach of contract must be proved with reasonable certainty "precludes a plaintiff from recovering reputation damages because such losses are 'unduly speculative.'" *Klayman v. Judicial Watch, Inc.*, 255 F.Supp. 3d 161, 169 (D.C. Dist. 2017).

- New York law "generally does not allow contract damages for injury to reputation" and permits such damages "only in exceptional cases and when plaintiff proves 'specific business opportunities lost as a result of its diminished reputation.'" *Saxton Communications Group v. Valassis Inserts*, 1995 U.S. Dist. Lexis 17037 at *6 (Nov. 15, 1995).

- When disallowing loss of reputation damages for a contract claim in 2011, the Virginia Supreme Court cited to the Fourth Circuit Court of Appeals for the proposition that "courts have universally rejected claims for damages to reputation in breach of contract actions reasoning that such damages are too speculative and could not reasonably be presumed to have been contemplated by the parties when they formed the contract." *Isle of Wight County v. Nogiec*, 281 Va. 140, 148-149 (2011).

- In *Obasi v. Milwaukee School of Engineering*, a Wisconsin appellate court cited the underlying trial court's assertion that reputational damages were only available in "certain rare breach of contract cases" and that plaintiff was "not entitled to seek emotional distress

or reputational damages" in his breach of contract case. 2013 Wisc. App. LEXIS 310 *6 (April 9, 2013).

- The Court of Appeals of Tennessee granted an employer's summary motion judgment after the plaintiff failed to cite any authority supporting her loss of reputation damages in a breach of contract action. *Reitz v. City of Mt. Juliet*, 2017 Tenn. App. LEXIS 594 *7-8 (August 31, 2017).

- In 1997, the Court of Appeals of Texas ruled that a trial court award of loss of reputation damages must be modified because "loss of business reputation is not an element of damages recoverable for breach of contract." *Rubalcaba v. Pacific/Atlantic Crop Exch.*, 952 S.W. 2d 552, 559 (1997).

### C. Loss of Reputation Damages Are Recoverable In Discrete Categories of Contracts Inapplicable to this Matter

Courts have allowed claimants to pursue loss of reputation damages for specific kinds of contracts (i.e., marriage contracts and contracts for the buying and selling of goods under the Uniform Commercial Code ("UCC")), but none of those circumstances are applicable here. *See, e.g.*, *Smith v. Hawkins*, 120 Kan. 518 (1926) (ruling that in a breach of marriage contract action the jury could consider, *inter alia*, the effect of the breach on Plaintiff's feelings, the sense of disgrace occasioned and the loss of reputation); *see also Standard v. Bolin*, 565 P.2d 94, 96 (1977) (stating that a breach of promise to marry action arises from breach of contract and the damages allowable more closely resemble a tort action which include loss of reputation damages); *see also AM/PM Franchise Ass'n v. Atlantic Richfield*, 526 Pa. 110 (1990) (allowing "good will damages" defined as a loss of prospective profits or business reputation to be recoverable as consequential damages under the UCC).

DEFENDANT'S SUPPLEMENTAL BRIEFING - DAMAGES UNDER TITLE IX:
Gililland v. Southwestern Oregon Community College District, et al.

Page - 4

**III.   Conclusion**

State courts around the country prohibit plaintiffs from recovering loss of reputation damages in breach of contract actions except in rare and unusual cases. This court's conditional ruling from May 17, 2022 that Title IX general damages are not available to Plaintiff Nicole Gililland is the correct one and SWOCC respectfully requests that it be the order of the court.

DATED this 26th day of May, 2022

GARRETT HEMANN ROBERTSON P.C


*s/ Luke W. Reese*
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
Of Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that I caused to be served the foregoing **Defendant's Supplemental Briefing on Damages Available Under Title IX** on the date indicated below,

[X]    Via Email
[X]    Via Electronic Filing
[ ]    Via Facsimile Transmission
[ ]    Via Hand Delivery
[ ]    Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

    Brandon J. Mark
    Michael W. Young *Bar No. 12282*
    Parsons Behle & Latimer
    201 South Main Street Suite 1800
    Salt Lake City UT  84111
    *Phone:  (801) 532-1234*
    *Fax:  (801) 536-6111*
    *Email: bmark@parsonsbehle.com*
        *myoung@parsonsbehle.com*
        *ecf@parsonsbehle.com*
    *Of Attorneys for Plaintiff*

DATED this 26th day of May, 2022.

    GARRETT HEMANN ROBERTSON P.C

    *s/ Luke W. Reese*
    Luke W. Reese, OSB No. 076129
    lreese@ghrlawyers.com
    Elliot R. Field, OSB No. 175993
    efield@ghrlawyers.com
    Of Attorneys for Defendant

CERTIFICATE OF SERVICE:
Gililland v. Southwestern Oregon Community College District, et al.

Page - 6