SUBMITTED BY:
Brandon J. Mark (041613)
Michael W. Young (admitted Pro Hac Vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
bmark@parsonsbehle.com
myoung@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **NICOLE GILILLAND, AN INDIVIDUAL,**<br><br>Plaintiff,<br><br>vs.<br><br>**SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT BY AND THROUGH ITS BOARD OF EDUCATION, AN OREGON COMMUNITY COLLEGE DISTRICT AND BOARD; SOUTHWESTERN OREGON COMMUNITY COLLEGE, AN OREGON COMMUNITY COLLEGE,**<br><br>Defendants. | Case No. 6:19-cv-00283-MK<br><br>**PLAINTIFF'S CORRECTED JURY INSTRUCTION ON SELECTIVE ENFORCEMENT** |

Pursuant to this Court's ruling that Plaintiff may pursue alternative theories of liability under her Title IX claim, Plaintiff re-reviewed her submitted jury instructions and realized that her proposed jury instruction defining the elements of her Title IX selective enforcement theory did not accurately reflect the law on the issue. Accordingly, Plaintiff is submitting a corrected version, with proposed additions indicated in underline.

Case No.:  6:19-cv-00283
PLAINTIFF'S CORRECTED JURY INSTRUCTION ON
SELECTIVE ENFORCEMENT THEORY

INSTRUCTION NO._____

TITLE IX CLAIM – SELECTIVE ENFORCEMENT ELEMENTS

Title IX is understood to bar the imposition of university discipline where gender is a motivating factor in the decision to discipline.

Under Title IX, a Defendant may be liable for violation of Title IX if the Plaintiff demonstrates that:

1.  A Defendant discriminated against the Plaintiff;

2.  Because of the Plaintiff's sex;

3.  That the discrimination was intentional;

4.  That the discrimination was a 'substantial' or 'motivating factor' for a Defendant's actions; and

5.  That, as a result, similarly situated (a) male students and/or (b) female students who conformed to gender stereotypes that Plaintiff was perceived to not conform to at Southwestern Oregon Community College were treated differently during investigations and/or disciplinary proceedings concerning plagiarism.

Authority: *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994); *Doe v. N.Y. Univ.*, 438 F. Supp. 3d 172, 181 (S.D.N.Y. 2020).

Page 2

DATED this 21st day of June 2022.

                                        /s/ Brandon J. Mark
                                        Brandon J. Mark (OSB No. 041613)
                                        *Attorneys for Plaintiff*

Case No.:  6:19-cv-00283
PLAINTIFF'S CORRECTED JURY INSTRUCTION ON
SELECTIVE ENFORCEMENT THEORY

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022 I electronically filed the foregoing Plaintiff's Deposition Designations with the Clerk of the Court using the CM/ECF system which will send electronic notification to of such filing to all CM/ECF participants.


/s/ Brandon J. Mark