Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICOLE GILILLAND, an individual<br><br>                    Plaintiff,<br><br>vs.<br><br>SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT by and through its BOARD OF EDUCATION, an Oregon community college district and board; SOUTHWESTERN OREGON COMMUNITY COLLEGE, an Oregon community college,<br><br>                    Defendants. | No.    6:19-cv-00283-MK<br><br>**DEFENDANT'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL AND TO APPROVE BOND OR OTHER SECURITY** |

**MOTION**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 62(b) and Federal Rule of Appellate Procedure ("FRAP") 8(a)(1), defendants, Southwestern Oregon Community College District by and through its Board of Education and Southwestern Oregon Community College ("SWOCC" and/or "defendants"), respectfully move for a stay of enforcement of judgment pending resolution of defendants' pending Renewed Motion for Judgement as a Matter of Law Under FRCPP 50(b) and any subsequent appeal. Defendants further move for an Order waiving any bond requirement or, in

the alternative, continuing the stay for an additional thirty (30) days from the denial of this Motion to allow defendants to obtain a supersedeas bond to secure a stay.

## JURISDICTION

This Court retains jurisdiction for purposes of this post-judgment stay adjudication. *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); FED. R. APP. P. 8(a)(1).

## PROCEDURAL BACKGROUND

This matter was submitted to a jury following a 10-day trial starting on June 27, 2022. On July 7, 2022, the jury returned a verdict for SWOCC with respect to Plaintiff's Title IX claim and a verdict for Plaintiff with respect to Plaintiff's Breach of Contract claim. Verdict Form, ECF No. 134, at 2. With respect to Plaintiff's Breach of Contract claim, the jury awarded Plaintiff economic damages in the amount of $735,417 and non-economic damages in the amount of $1,000,000. Verdict Form, ECF No. 134, at 3. This Court entered the Judgment reflecting the jury's verdict on July 7, 2022. Judgment, ECF No. 138.

On July 28, 2022, defendants filed a Renewed Motion for Judgment as a Matter of Law Under FRCP 50(b), which is currently pending, ECF No. 140.

## LEGAL STANDARD

FRCP 62(b) provides that following any time after a judgment is entered, a party may request to stay the execution of a judgment pending appeal by "providing a bond or other security," which takes effect upon the approval of the court. *C.B. v. Sonora Sch. Dist.*, 819 F.Supp. 2d 1032, 1053 (E.D. Cal. 2011); FED. R. CIV. P. 62 (b). The purpose of providing a bond is to "secure the appellees from a loss resulting from the stay of execution." *Pac. Reins. Mgt. Corp. v. Ohio Reins. Corp.*, 935 F.2d 1019, 1027 (9th Cir. 1991) (internal quotation marks and citations omitted); *see also Rachel v. Banana Republic*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987).

Moreover, district courts have "inherent discretion" in setting the amount of the supersedeas bond, including waiving the amount of the bond because of an entity demonstrating its ability to

MOTION TO STAY ENFORCEMENT OF JUDGMENT:  
Gililland v. Southwestern Oregon Community College District, et al.

Page - 2

satisfy the judgment, if affirmed, or due to its status as a public entity. *See Rachel*, 831 F.2d at 1505 n. 1; *see also Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F.Supp. 1101, 1104 (S.D. Cal. 1990) (stating that a court may waive a supersedeas bond "where defendant's ability to pay is so plain that the cost of the bond would be a waste of money"); *see also Ramirez v. Escondido Unified Sch. Dist.*, Case No. 11cv1823 DMS (BGS), 2014 U.S. Dist. LEXIS 198000, at *2, *2-3 (S.D. Cal. April 16, 2014) (granting defendant school district's motion to stay and waiving bond requirement because "evidence shows that the school district has access to more than sufficient funds to satisfy the judgment").

However, the district court's discretion under FRCP 62(b) is limited to the amount of the bond and whether other security or waiver of the bond is appropriate. *See Rachel*, 831 F.2d at 1505 n. 1; *cf. Redwind v. Western Union, LLC*, Case No. 3:14-cv-01699-AC, 2017 U.S. Dist. LEXIS 37857, at *1, 17 (D. Or. March 16, 2017) (stating "[l]itigants may obtain a stay of an order as a matter of right by obtaining a supersedeas bond");[1] *see also NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (examining FRCP 62(b)'s predecessor and stating the "framers thought about the point they would have limited the right to an automatic stay to cases where the judgment being appealed from was a money judgment.") (internal quotation marks and citations omitted).

## ARGUMENT

**I.  Enforcement of this judgment should be stayed pending appeal.**

FRCP 62(b) expressly permits for a party to stay the execution of a judgment as a matter of right by posting a bond. *LPP Mortg., Ltd. v. J. Gardner Co.*, No. 02-1331-AS, 2005 U.S. Dist. LEXIS 42168, *1, *2 (D. Or. August 16, 2005). Discussed above, waiver of the bond requirement or approval of other means of security is within the discretion of the court. Accordingly, defendants

---

[1] The *Redwind* court cites FRCP 62(d) when referencing a stay for supersedeas bond. FRCP 62 was amended and reorganized in 2018, and consequently, a stay pursuant to a bond was reorganized from FRCP 62(d) to 62(b). FED. R. CIV. P. 62(b) notes of advisory committee on 2018 amendments.

respectfully request that the bond requirement be waived because (1) Oregon law expressly exempts public entities from being required to post a bond pending appeal; and (2) defendants are able to satisfy the judgment if affirmed on appeal.

Alternatively, if the court does not find waiver of the bond requirement appropriate, then defendants respectfully request the court continue a stay against enforcement of the judgment for no less than thirty (30) days from denial of this Motion to obtain a supersedeas bond to secure a stay for the pendency of any appeal.

> A. *State law prescribes that public entities are exempt from being required to furnish a bond to stay a judgment pending appeal.*

Oregon law expressly exempts public entities from a bond requirement when requesting a stay pending appeal. OR. R. CIV. P. 72C. Indeed, the court may look to state law as a basis for waiver of the bond requirement. *Ramirez*, 2014 U.S. Dist. LEXIS 198000 at *3 (noting that defendant school district is exempt from the bond requirement in state court and granting waiver of bond requirement). Moreover, federal rules have a corollary exemption. *See id.* at *3 n.1 (noting a similar statutory exemption for the federal government under FRCP 62(e)).

Here, SWOCC is a public entity that would otherwise be exempt from a bond requirement in a state appeal. Though application of state substantive law is not required when adjudicating a motion to stay pending appeal, it is within the discretion of the court.[2] SWOCC is a public entity charged with the responsibility of managing taxpayer monies while providing public education services. Requiring SWOCC to obtain a supersedeas bond would require additional public monies being allocated to purchasing a bond that would otherwise be used in the administration of SWOCC. Indeed, implicit in the statutory exemption for public bodies, both under the state and

---

[2] Though federal courts are to apply state substantive law and federal procedural law, waiver of the bond requirement due to defendants' public entity status does not run afoul of the general rule as FRCP 62(b) is purely a procedural rule and provides broad discretion to the court in adjudicating the bond requirement. *See Vacation Vill., Inc. v. Clark County*, 497 F.3d 902, 913-14 (9th Cir. 2007); *see also Ramirez*, 2014 U.S. Dist. LEXIS 198000 at *3.

federal rules, is that the stay in favor of public bodies, at some degree, reflects public policy in the management of public funds. Accordingly, SWOCC should be exempt from the bond requirement considering fees related to obtaining a supersedeas bond could be otherwise used in administering its public education services.

> B. *The bond requirement should be waived because defendants are able to satisfy the judgment if affirmed on appeal.*

This Court may waive the bond requirement where the "defendant's ability to pay is so plain that the cost of the bond would be a waste of money." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F.Supp. 1101, 1104 (S.D. Cal. 1990). Generally, federal courts look to the following factors, referred to as the *Dillon* factors, when considering waiver of a supersedeas bond:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Lloyd v. Gerhard*, No. 3:17-cv-00582-AA, 2020 U.S. Dist. LEXIS 38532, at *3 (D. Or. Mar. 4, 2020).

However, a court may consider a particular factor without necessarily examining each factor at length, such as demonstrating that a defendant is able to satisfy a judgment if affirmed on appeal. *See Brooktree Corp.*, 757 F.Supp. at 1104; *see also Ramirez*, 2014 U.S. Dist. LEXIS 198000 at *3-4 (citing *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1027 (9th Cir. 1991)).

As is addressed above, the purpose of requiring a party to post a supersedeas bond is to "secure the appellees from a loss resulting from the stay of execution." Because SWOCC is a public entity with sufficient funds to satisfy the judgment, the purpose of posting a supersedeas bond is served by demonstrating SWOCC's solvency and access to sufficient finances to satisfy the

MOTION TO STAY ENFORCEMENT OF JUDGMENT:  
Gililland v. Southwestern Oregon Community College District, et al.

Page - 5

judgment in full. Accordingly, requiring SWOCC to obtain a supersedeas bond is unnecessary to secure payment, and thus, the bond requirement should be waived.

**II.  In the alternative, should this court determine a bond is required to secure a stay of enforcement, defendants request the stay be continued to allow them to obtain a bond in an amount deemed to be sufficient by the court.**

Should the court determine that a bond is necessary, defendants request the stay be continued for no less than thirty (30) days to allow defendants to obtain a supersedeas bond. Additionally, for the reasons articulated above, defendants request the court set any bond amount at the lowest amount deemed sufficient by the court.

## CONCLUSION

For the reasons stated above, defendants respectfully request that this Court waive the bond requirement because SWOCC is a public entity that would otherwise be exempt from a bond requirement under Oregon law. Moreover, waiver is appropriate because SWOCC is solvent and has access to sufficient means to satisfy the judgment, if affirmed, thereby satisfying the purpose of posting a bond. Alternatively, if this Court does not find waiver of the bond appropriate, defendants request the court continue the stay for no less than thirty (30) days to allow defendants to secure a supersedeas bond in the lowest amount the court deems sufficient.

DATED this 1st day of August, 2022.

GARRETT HEMANN ROBERTSON P.C

*s/ Luke W. Reese*
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
Of Attorneys for Defendant

MOTION TO STAY ENFORCEMENT OF JUDGMENT:
Gililland v. Southwestern Oregon Community College District, et al.

Page - 6

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Defendant's Motion to Stay Enforcement of Judgment Pending Appeal and to Approve Bond or Other Security** on the date indicated below,

[X]     Via Email
[X]     Via Electronic Filing
[  ]    Via Facsimile Transmission
[  ]    Via Hand Delivery
[  ]    Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

>Brandon J. Mark
>Michael W. Young *Bar No.  12282*
>Parsons Behle & Latimer
>201 South Main Street Suite 1800
>Salt Lake City UT  84111
>*Phone:  (801) 532-1234*
>*Fax:  (801) 536-6111*
>*Email:* bmark@parsonsbehle.com
>        myoung@parsonsbehle.com
>        ecf@parsonsbehle.com
>*Of Attorneys for Plaintiff*

DATED this 1st day of August, 2022.


GARRETT HEMANN ROBERTSON P.C



*s/ Luke W. Reese*
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
Of Attorneys for Defendant

CERTIFICATE OF SERVICE:                                                                                       Page - 7
Gililland v. Southwestern Oregon Community College District, et al.