Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICOLE GILILLAND, an individual<br><br>        Plaintiff,<br><br>    vs.<br><br>SOUTHWESTERN OREGON COMMUNITY COLLEGE DISTRICT by and through its BOARD OF EDUCATION, an Oregon community college district and board; SOUTHWESTERN OREGON COMMUNITY COLLEGE, an Oregon community college,<br><br>        Defendants. | No.    6:19-cv-00283-MK<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS** |

### LR 54-1 CERTIFICATE OF COMPLIANCE

In accordance with Local Rule ("LR") 54-1(c)(2), defendants certify this objection complies because defendants' objection contains 2,688 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

### DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS

Pursuant to Federal Rule of Civil Procedure ("FRCP") 54 and LR 54-1, Southwestern Oregon Community College ("SWOCC") and Southwestern Oregon Community College District

("District") (collectively referred to as "defendants"), object to Plaintiff's Bill of Costs, specifically related to Plaintiff's voluminous copy charges and transcript costs, and respectfully request this Court deny the charges to Plaintiff, or alternatively, reduce the taxable amount of costs related to copies and transcripts.

## PROCEDURAL BACKGROUND

Plaintiff filed a bill of costs and supporting memorandum on July 21, 2022. Bill of Costs, ECF No. 139; Plaintiff's Memorandum of Costs ("Plaintiff's Memo"), ECF No. 139-1. In Plaintiff's summary of costs, Plaintiff states under the section entitled "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" that Plaintiff incurred $4,565.60 for "photocopy/scans" from the period April 14, 2022, through July 7, 2022, and lists only the Declaration Regarding Costs as supporting documentation. Plaintiff's Memo, Attachment A, at 5.

Plaintiff summarily states in the Declaration Regarding Costs that the "costs and fees contained in the Bill of Costs as detailed in Attachment A are correct, have been incurred by Plaintiff in connection with the prosecution of her claims in this case, *were necessarily incurred in this case*, and the services for which these costs and fees have been charged were actually and necessarily performed." Plaintiff's Memo, Ex. 4 ("Decl. Regarding Costs"), at 28 (emphasis added).

Regarding fees for printed or electronically recorded transcripts necessarily obtained for use in the case, Plaintiff asserts costs in the amount of $6,365.64 were incurred. Plaintiff's Memo at 2. Plaintiff states that the costs "related to deposition transcripts and exhibits [were] necessary for use in this case" and were "necessary at the time they were taken." *Id.* Though Plaintiff states that "portions of many of the depositions were read and/or played into evidence during the trial," Plaintiff concedes that not all were played or used in trial. *Id.* Plaintiff asserts that those which were not played or used during trial were reasonably taken because defendants "listed but elected not to call" those witnesses. *Id.*

DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS:  Page - 2
Gililland v. Southwestern Oregon Community College District, et al.

In support of Plaintiff's deposition costs, Plaintiff submits various invoices for such costs. Plaintiff's Memo, Ex. 3 ("Invoices"), at 17-25. For the Court's convenience, below is the recreation of Plaintiff's summary of costs related to transcript costs:

|  | Description | Date | Amount | Supporting Documents |
|---|---|---|---|---|
| 1. | CitiCourt, Videographer fee, Melissa Sperry | 3/21/2021 | **$275.00** | **Exhibit 3** |
| 2. | CitiCourt, Court reporter fee, Melissa Sperry | 3/23/2021 | **$577.35** | **Exhibit 3** |
| 3. | CitiCourt, Court reporter fee, Susan Walker | 3/23/2021 | **$746.45** | **Exhibit 3** |
| 4. | CitiCourt, Court reporter, Tim Dailey and Francisco Saldivar | 3/31/2021 | **$1,696.70** | **Exhibit 3** |
| 5. | CitiCourt, Court reporter, Patty Scott (NO) and Pam Wick | 5/6/2021 | **$847.40** | **Exhibit 3** |
| 6. | CitiCourt, Court reporter, Robin Finney, Rod Keller, (NO) and Liz Cooper | 5/7/2021 | **$1,125.34** | **Exhibit 3** |
| 7. | CitiCourt, Court reporter, Jeff Whitey and Ali Mageehon | 5/24/2021 | **$695.40** | **Exhibit 3** |
| 8. | Veritext, Court reporters video file of Melissa Sperry | 6/15/2022 | **$132.00** | **Exhibit 3** |
| 9. | DepomaxMerit, Videographer fee, Stephanie Kyelberg | 6/20/2022 | **$270.00** | **Exhibit 3** |
|  | Total |  | **$6,365.64** |  |

**LEGAL STANDARD**

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also* 28 U.S.C. § 1924 (Verification of bill of costs). Additionally, a party may assert "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

However, the court has broad discretion in construing "the meaning and scope of the items enumerated as taxable costs in § 1920." *Crawford v. Gibbons*, 482 U.S. 437, 437-38 (1987); *see*

DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS:
Gililland v. Southwestern Oregon Community College District, et al.

Page - 3

*also Williamson v. Munsen Paving, LLC*, Case No. CV 09-736-AC, 2011 U.S. Dist. LEXIS 18254, at *1, *16 (D. Or. February 22, 2011) (citations omitted).

Indeed, though copying costs for "documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable," recoverable costs do not include "extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys." *Williamson*, 2011 U.S. Dist. LEXIS 18254 at *15 (citation and internal quotation marks omitted). Moreover, a "party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient." *Id.*

Similarly, costs related to printed or electronically recorded transcripts are also subject to limitations. *Stephens v. D.B. Roberts, INC,* 3:20-cv-00673-BR, 2021 U.S. Dist. LEXIS 244572, at *4 (D. Or. September 8, 2021) (noting and examining other district courts that applied a heightened standard when costs were claimed for video **and** written transcripts without a showing of necessity for both).

## ARGUMENT

Plaintiff's Bill of Costs should not be awarded with respect to Plaintiff's copying and transcript costs. Regarding Plaintiff's copying costs, Plaintiff has not demonstrated the requisite specificity for such costs. Also, Plaintiff has not provided the Court with sufficient information to determine what costs, if any, were necessary.

Regarding Plaintiff's transcript costs, Plaintiff should not be awarded costs for transcripts because Plaintiff has not shown their necessity, or that such costs were duplicative or investigative in nature rather than necessary.

I.  **Plaintiff's Bill of Costs does not demonstrate the requisite specificity for costs related to copying.**

Although FRCP 54 does provide copying costs as taxable and recoverable, federal courts retain discretion to deny or limit costs and have delineated the following with respect to awarding

DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS:
Gililland v. Southwestern Oregon Community College District, et al.

Page - 4

copying costs: (1) that the copying costs are necessary rather than for convenience; and (2) that the court is able to discern the nature of the copying costs.

> A. *Plaintiff has not shown that the copying costs were necessary and not incurred for convenience.*

Whether costs for copies are recoverable depends on whether copies are "necessarily obtained for use in the case" and not incurred merely for convenience. 28 U.S.C. § 1920(4); *Perera v. Blue Ribbon Installations, Inc.*, CV-04-1668-ST, 2006 U.S. Dist. LEXIS 109243, *1, *7 (D. Or. January 19, 2006). Importantly, merely stating the incurred charge, by itself, does not reflect whether copies were necessarily obtained for use in the case or for counsel's convenience. *See id.* (stating counsel's "photocopying charge of $622.26 does not reflect whether the copies were necessarily obtained for use in the case, as opposed to copies made for defendants' convenience").

Moreover, Oregon federal courts are clear that "[r]ecoverable copying costs also do not include costs associated with in-house photocopying for use by counsel." *Ranza v. Nike, Inc.*, Civ. No. 3:10-cv-01285-AC, 2013 U.S. Dist. LEXIS 152272 (D. Or. September 9, 2013) (citing *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. May 26, 1995) (rejecting the bulk of purported costs as "inappropriate" because it represented costs associated with in-house photocopying) (citations omitted)). Notably, recoverable costs also do not include "electronic copies." *Christian v. Umpqua Bank*, 3:16-cv-01938-BR, 2018 U.S. Dist. LEXIS 114685, at *1, *6 (D. Or. July 10, 2018).

Here, Plaintiff purports to have incurred recoverable costs in the amount of $4,565.60 for "photocopy/scans." Neither Plaintiff's Cost of Bill nor Plaintiff's Memorandum of Costs in support demonstrate that such copying charges were ***necessarily obtained*** for use in this case. Though defendants understand that recoverable copying charges were likely incurred, such as documents submitted to the court in consideration of motions and used as exhibits at trial, Plaintiff must demonstrate that such costs were necessarily obtained and not incurred for counsel's convenience.

Notwithstanding the lack of documentation discussed further below, Plaintiff has only provided a conclusory amount of costs incurred. Though voluminous records were exchanged in discovery, documents were exchanged electronically, thereby mitigating copying costs. Additionally, although Plaintiff had upwards of 130 exhibits with various exhibits containing numerous pages, such copying costs would not account for the purported cost incurred of $4,565.60.

The amount of $4,565.60, on its face, suggests that Plaintiff's costs contained unrecoverable charges for counsel's convenience considering the copies used in proceedings before this Court and during trial were voluminous but would not have incurred such a cost. Even if the copying costs were incurred at fifty (50) cents per page, this would mean that there were approximately 9,131 copies. Assuming twenty-five (25) cents per page, this amount would suggest that Plaintiff made approximately 18,262 copies. Considering discovery production was primarily conducted electronically, the physical copies incurred would have necessarily been related to either physical exhibits in trial or physical copies submitted to the court.

Because neither the jury nor the court were presented with upwards of 10,000 to 20,000 pages, the purported cost suggests, on its face, that far more copies were included, likely for the convenience of counsel.

> B. *Plaintiff has not provided supporting evidence sufficient for defendants or this Court to discern the nature of the copying costs.*

"As courts in this district have consistently held, the prevailing party's ***conclusory assertion*** that the standard was in fact met ***is insufficient to justify an award of costs***." *Hollowell v. Kaiser Found. Health Plan of the Northwest*, Civ. No. 3:12-cv-2128-AC, 2014 U.S. Dist. LEXIS 167411, at *1, *9 (D. Or. October 30, 2014) (collecting cases stating as such) (citations omitted) (emphasis added). By way of example, the *Hollowell* court noted that even where the court was provided with the date of the copy, the number of pages, and the copying rate, this was not sufficient information to justify an award. *Id.* at 9-10. The *Hollowell* court further stated that the requesting party did not

provide information regarding the "content of the documents, for what purpose the copies were made, whether unnecessary copies [were] included [], or a description of other services provided by [the copying service provider]." *Id.* Given the lack of information necessary for the court to determine "reasonable necessity under [FRCP] 54," the *Hollowell* court denied the party's request of $1,031.36 for copying costs in its entirety. *Id.* at 10.

Here, Plaintiff's have provided even less information and relying solely on a conclusory assertion that the costs in the amount of $4,565.60 were necessarily obtained for use in this case. By Plaintiff's own submission, the only supporting documentation is a declaration that resembles the language found in 28 U.S.C. § 1924. *Compare.* Plaintiff's Memo, Decl. Regarding Costs at 28; *with* 28 U.S.C. § 1924. This is less than the evidence provided to the *Hollowell* court.

Plaintiff has only provided a conclusory amount for copying costs and a conclusory assertion that the standard for verification of costs was met. Consequently, Plaintiff has not provided this Court with sufficient information to determine what copying charges were necessary and, thereby, recoverable. Even if Plaintiff provided the date of the charge, the number of pages, and the rate of the per page charge, this would not satisfy Plaintiff's burden. Accordingly, the amount of $4,565.60 should be denied in its entirety.

II. **Because Plaintiff's Bill of Costs does not satisfy the standard, the award for costs related to copying should be denied, or alternatively, reduced.**

Plaintiff has not met her burden of demonstrating that the costs incurred were necessarily obtained for use in this case. Stated above, Plaintiff's copying costs are recoverable to the extent they are necessarily obtained for use in this case. This, however, does not include "electronic pages" or copies for counsel's convenience. Because the physical copies presented to this Court or the jury in the form of exhibits do not approach nearly 20,000 pages, the amount of $4,565.60 is highly likely to include unrecoverable costs.

/ / / /

Moreover, Plaintiff does not provide the court with sufficient information to justify an award of $4,565.60 because Plaintiff only baldly asserts that the requisite standard is met. This is not sufficient to justify such an award. Indeed, other district courts have determined that $1,031.36 should be denied in its entirety even where the requesting party provided the date of the charge, the number of pages, and the rate per page. Considering Plaintiff has only provided the total asserted amount and a conclusory assertion that it was necessary, Plaintiff's request for costs of copying charges should be denied in its entirety. Accordingly, for the foregoing reasons, Plaintiff has not met her burden and the requested cost award of $4,565.60 should be denied in its entirety. If, however, this Court does determine the entirety of the award should not be denied, defendants respectfully request this Court reduce Plaintiff's requested relief considering the lack of requisite information provided.

III.  **Plaintiff's award of transcript costs should be denied, or alternatively reduced, because Plaintiff did not satisfy the requisite standard or improperly included duplicative or investigative costs.**

Though a party may claim transcript costs as taxable, the "costs of taking depositions and obtaining transcripts is properly taxed if the deposition is introduced into evidence or used at trial for impeachment or cross-examination." *Nelson v. United States*, No. 3:19-cv-01761-HZ, 2022 U.S. Dist. LEXIS 72861, at * 5 (D. Or. April 15, 2022) (citation omitted). Where a "deposition is not used at trial," related costs are taxable "if taking the deposition was reasonable as part of the pretrial preparation of the case, ***rather than*** for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.* (internal quotation marks and citations omitted) (emphasis added).

/ / / /

/ / / /

/ / / /

Put another way, "to be taxable, depositions must not be merely for discovery." *Malbco Holdings, LLC v. AMCO Ins. Co.*, CV-08-585-ST, 2010 U.S. Dist. LEXIS 61825, at *50-51 (D. Or. June 22, 2010)[1]. Moreover, costs that are duplicative are not recoverable. *Nelson*, 2022 U.S. Dist. LEXIS 72861, at *5. Indeed, this includes costs where video recording **and** written transcripts are obtained and asserted as recoverable costs. *See Stephens*, 2021 U.S. Dist. LEXIS 244572, at *4-5 (discussing the heightened standard of showing a necessity for both video and written transcript); *see also United States ex rel. Berglund v. Boeing Co.*, 03:02-cv-193-AC, 2012 U.S. Dist. LEXIS 26980, at *7-10 (D. Or. February 29, 2012) (discussing similar limitation).

Here, defendants object to Plaintiff's transcript costs as Plaintiff has not demonstrated which transcripts are recoverable. Plaintiff has only conclusively stated that such transcripts were necessary for use in this case and necessary at the time they were taken, without providing further information. Moreover, Plaintiff included multiple invoices for costs related to video records and written transcripts of Melissa Sperry, without a justification for such duplicative costs, and costs related to depositions that were conducted for discovery purposes.

Stated above, transcript costs are properly taxable where "the deposition is introduced into evidence or used at trial for impeachment or cross-examination." Even where such depositions are not introduced or used at trial, then Plaintiff must show that such transcripts were reasonably part of the pretrial preparation.

Plaintiff only conclusively states that portions of the transcripts were read or played during trial and that the costs were necessary for use in this case and necessary at the time they were taken. Similar to Plaintiff's asserted copying costs, Plaintiff has only conclusively stated that the requisite standard has been met, which is not sufficient to justify an award.

---

[1] Though Plaintiff does not provide costs for daily trial transcripts, to the extent Plaintiff claims such costs are recoverable, Plaintiff has not shown that daily transcripts were a necessity rather than convenience. *See Cleavenger v. Univ. of Oregon*, CV 13-1908-DOC, 2016 U.S. Dist. LEXIS 33789, at *50-51 (D. Or. March 16, 2016).

Plaintiff also includes costs for both video recordings and written transcripts of Melissa Sperry without the requisite showing that such duplicative costs were necessary rather than for convenience of counsel. Consequently, Plaintiff should not be awarded such duplicative costs.

Additionally, Plaintiff asserts transcript costs related to two 30(b)(6) witnesses, Jeff Whitey and Ali Mageehon. Plaintiff has not demonstrated that these transcripts were necessary rather than for discovery purposes. Indeed, deponents under FRCP 30(b)(6) are exactly the type of deponents that are subpoenaed for discovery purposes.

Accordingly, for the foregoing reasons, Plaintiff's transcript costs should not be awarded, or alternatively, should be reduced.

## CONCLUSION

For the reasons stated above, defendants respectfully request that Plaintiff's request for costs related to copying and transcripts be denied in its entirety. Alternatively, if this Court determines that Plaintiff's request should not be denied in its entirety, defendants respectfully request that Plaintiff's award be reduced.

DATED this 4th day of August, 2022.

GARRETT HEMANN ROBERTSON P.C

*s/ Luke W. Reese*
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
Of Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Defendants' Objection to Plaintiff's Bill of Costs** on the date indicated below,

[ ] Via First-Class Mail with postage prepaid
[X] Via Electronic Filing
[ ] Via Facsimile Transmission
[ ] Via Hand Delivery
[ ] Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

>Brandon J. Mark
>Michael W. Young *Bar No. 12282*
>Parsons Behle & Latimer
>201 South Main Street Suite 1800
>Salt Lake City UT  84111
>*Phone:  (801) 532-1234*
>*Fax:  (801) 536-6111*
>*Email:* bmark@parsonsbehle.com
>myoung@parsonsbehle.com
>ecf@parsonsbehle.com
>*Of Attorneys for Plaintiff*

DATED this 4th day of August, 2022.

GARRETT HEMANN ROBERTSON P.C

*s/ Luke W. Reese*
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
Elliot R. Field, OSB No. 175993
efield@ghrlawyers.com
Of Attorneys for Defendant